E. A. ARMFIELD and A. A. LANEY v. WILLIS G. MOORE.

*Statute of Limitation—Non-resident Debtor.*

1. Where a debtor is out of the State at the time the cause of action accrues, the statute of limitation does not begin to run until he returns to this State for the purpose of making it his residence.

2. Where after the cause of action accrues the debtor leaves this State and resides out of it, the time of his absence from this State shall not be taken as any part of the time limited for the commencement of the action.

3. Where after the cause of action has accrued the debtor leaves this State and is continually absent for one year or more, although he may not have changed his domicile, the time of his absence shall not be counted on a plea of the statute.

4. Where the debtor was a non-resident of this State, but was here on visits of a day or two each year, such visits would not have the effect of putting the statute in motion, and the cause of action will not be barred, although more than the time required to bar it has elapsed since the cause of action accrued.

5. The provisions of §162 of *The Code* apply to the obligations of non-residents as much as to those of residents of this State.

CIVIL ACTION, tried before *Montgomery, Judge,* at February Term, 1887, of UNION Superior Court.

The plaintiffs brought this action on the 28th of October, 1886, before a justice of the peace, to recover the money due upon the note under seal of the defendant, for $61.93, dated the 23d of February, 1876, and at one day from date, bearing interest at the rate of eight per cent. per annum, from the 11th day of October, 1875. This note was executed in the town of Monroe, in this State, and at the time of its execution, the maker thereof, the defendant, was a non-resident of this State, and he has been so ever since that time ; but two or three times each year, he comes to the town named above, to market, remaining a day or two on each visit. The plaintiffs, the obligees of the note sued upon, have been continually residents of this State since before the execution of the note.

The defendant pleaded and relied upon the statute of limitation, barring actions upon sealed instruments after ten years next after the cause of action upon the same shall have accrued.

The justice of the peace gave judgment for the plaintiffs, from which the defendant appealed to the Superior Court, where there was judgment for the plaintiffs, from which the defendant appealed to this Court.

*Mr. E. C. Smith,* (*Messrs. Vann* and *Stevens* also filed a brief,) for the plaintiffs.

*Messrs. Covington* and *Adams* filed a brief, for the defendants.

MERRIMON, J., (after stating the facts). The plaintiffs contend that inasmuch as the defendant was continually a

non-resident of this State, and absent from it except for two
or three brief business visits of a day or two each year, be-
fore the action was brought, the statute of limitation does
not bar his right to recover the money specified in the bond
sued upon, and the interest due upon the same, and we are
of that opinion.

The statute (*The Code*, §162,) provides that, " If, when the
cause of action accrues, or judgment be rendered or docketed
against any person, he shall be out of the State, such action
may be commenced, or judgment enforced, within the times
herein respectively limited, after the return of such persons
into this State ; and if, after such cause of action shall have
accrued, or judgment rendered or docketed, such person
shall depart from, and reside out of this State, or remain con-
tinually absent therefrom for the space of one year or more,
the time of his absence shall not be deemed or taken as any
part of the time limited for the commencement of such
action, or the enforcement of such judgment."

It will be observed that this statutory provision prescribes
and embraces three distinct cases in which the statute of
limitation will not operate as a bar because of the continu-
ous lapse of the time prescribed next after the cause of action
accrued, or judgment was rendered or docketed : (1.) Where
the debtor was out of the State *at the time the cause of action
accrued*, or the judgment was rendered or docketed. This
case may apply alike to a resident or non-resident debtor.
In it, time does not begin to lapse in his favor until he shall
return to the State—not simply on a hasty visit of a day or
two, at long intervals—but for the purpose of residence.
And if, after such return, he shall depart from the State for
the purpose of residence out of it, or to sojourn out of it for
a year or more, the time of his absence will not be allowed
in his favor ; it will be subtracted from the time that would
have been so allowed, if he had remained in this State.
(2.) When, *after* the cause of action accrued, or the judgment

was rendered or docketed, the debtor—resident or non-resident of the State—departed from and *resided* out of it, "the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action, or the enforcement of such judgment." (3.) When, *after* the cause of action has accrued, or judgment has been rendered or docketed, the debtor shall depart from the State, "and remain continually absent for the space of one year or more," the time of his absence shall not be allowed in his favor.

This case seems to apply to a resident of this State against whom there is a cause of action, and who goes and remains out of it for the length of time mentioned.

The general purpose of the statutory provision under consideration, taken in connection with the statute of limitation, is to give the person having a cause of action accrued, or judgment, as prescribed, opportunity substantially during the whole of the lapse of the time against him, to bring his action or enforce his judgment. Thus, in the case before us, if the defendant was out of this State *at the time* the plaintiffs' cause of action accrued, the lapse of time as to it in his favor, did not begin until his return to this State to reside here. Or, if he departed from this State *after* the maturity of the note sued upon, to reside out of it, or to sojourn out of it for a year or more, the time of his absence could not be allowed to make part of the ten years on which he relied as a bar to the plaintiffs' action. To make the bar, there must have been a lapse of ten years less the time of such absence.

The purpose is, to prevent defendants from having the benefit of the lapse of time—the statute of limitation—while they permit debts against them, past due, to remain unpaid, or other causes of action against them to remain undischarged, and keep beyond the limits of the State and the jurisdiction of its Courts, and thus prevent the person having the right to sue, from doing so. It is not the policy or pur-

pose of the State, to drive its citizens, directly or indirectly, to seek their legal remedies abroad, or to encourage non-residents to keep out of it and beyond the jurisdiction of its Courts, as would in some measure be the case, if by keeping out of the State, the debtor or person against whom a cause of action exists, could avail himself of the lapse of time during his absence.

The counsel for the appellant insisted in the argument, that the statute under consideration does not embrace non-residents of this State. We cannot so interpret it. The words "any person," employed to designate the persons to be affected and embraced by it, are very comprehensive, and there is nothing in its scope or purpose that excludes them. Why should they be on a more formidable footing as to the lapse of time than residents?

We can see no reason, founded in justice or sound policy, why this should be so. There is nothing in their legal *status*, or their circumstances as such, or in the nature of the statute of limitation, that ought justly to give them more favorable advantage. If there exists just cause of action against a non-resident in favor of a citizen of this State, properly cognizable here, he ought to discharge it, but if he will not, and stays beyond the State, so that the person aggrieved cannot have his remedy, he ought not to have the benefit of the lapse of time, when at last he is found here, and action has been brought against him. He is not entitled, in common justice, to such defence, and the statute, fairly interpreted, does not give it to him. He cannot reasonably complain of the staleness of his liability, any more than a resident who, under like circumstances, goes out of the State, and resides or remains there for a long while. If the demand is stale he made it so, in contemplation of law, and he shall not be allowed to take advantage of his own laches.

The Courts of other States have given like interpretation to statutes substantially like that now before us; *Bennett* v.

*Cook,* 43 N. Y., 537; *Carpenter* v. *Wells,* 21 Barb., 594; *Mc-Cord* v. *Woodhull,* 47 How. Pr. Rep. (N. Y.), 54; *Hacher* v. *Everett,* 57 Me., 548; *Lane* v. *Bank,* 6 Kan., 74.

There is no error. To the end the judgment may be affirmed, let this opinion be certified according to law. It is so ordered.

No error. Affirmed.