DUKE UNIVERSITY v. CLIFF V. CHESTNUT AND MRS. CLIFF V. CHESTNUT

No. 7514SC793

(Filed 18 February 1976)

Limitation of Actions § 10; Process § 9— nonresident defendants — tolling of statute of limitations — effect of long arm statute

    G.S. 1-21, which tolled the statute of limitations because of the absence of defendants from the State at the time the cause of action accrued against them and at all times since, allowed plaintiff to commence its action against defendants more than three years after the cause of action arose, even though plaintiff could have acquired personal jurisdiction over the nonresident defendants under the authority of G.S. 1-75.4(5) from the time the cause of action accrued.

Duke University v. Chestnut

APPEAL by defendants from *Canaday, Judge.* Order entered 12 June 1975 in Superior Court, DURHAM County. Heard in the Court of Appeals 22 January 1976.

Plaintiff instituted this suit on 15 January 1975 to recover for services rendered to defendants' minor child in 1971.

Defendants were personally served with process in Horry County, South Carolina, their county of residence, by the sheriff of that county.

Defendants moved for judgment on the pleadings for the reason, among others, that suit on the claim is barred by the statute of limitations in that the complaint discloses that the action was not started until more than three years after the services were performed.

Defendants' motion was denied and they gave notice of appeal. After the appeal was docketed in this Court, defendants requested that this Court treat their appeal as a petition for certiorari and consider the single question raised rather than dismiss the appeal from the interlocutory order. We elected to comply with that request.

*Powe, Porter, Alphin & Whichard, P.A., by Willis P. Whichard, for plaintiff appellee.*

*Bryant, Bryant, Battle & Maxwell, P.A., by James B. Maxwell, for defendant appellants.*

VAUGHN, Judge.

The parties have stipulated that the action was started more than three years after the services were rendered and that at all times in question defendants were residents of Myrtle Beach, South Carolina.

G.S. 1-21, in pertinent part, is as follows:

"If when the cause of action accrues . . . against a person, he is out of the State . . . and if, after such cause of action accrues . . . such person . . . resides out of this State, or remains continuously absent therefrom for one year or more, the time of his absence shall not be a part of the time limited for the commencement of the action. . . . "

The parties have stipulated that defendants resided out of the State at the time the cause of action arose and at all times since. Under the express terms of G.S. 1-21, therefore, the statute of limitations has not started to run so as to bar plaintiff's claim.

One of the purposes of G.S. 1-21 was said to be to prevent defendants from having the benefit of the lapse of time—the statute of limitations—while they remain beyond the limits of the State and allow their debts to remain unpaid, it not being the policy of the State to drive its citizens to seek their legal remedies abroad. *Armfield v. Moore*, 97 N.C. 34, 2 S.E. 347.

In 1967 the General Assembly enacted what is now codified as Article 6A of G.S. Chapter 1. Under this article (and earlier legislative enactments providing for service on foreign corporations doing business with the State, nonresident motorists and certain others) the courts of this State can acquire personal jurisdiction over defendants by other than personal service of process within the State, if the defendants have had the required "minimum contact" with this State.

In the case at bar, defendants' obligation is to pay plaintiff for services rendered to defendants within the State for defendants' benefit. These circumstances permit the acquisition of personal jurisdiction over defendants under the authority of G.S. 1-75.4(5).

The question raised on this appeal may be stated as follows:

Did the enactment of G.S. 1-75.1 et seq. result in the repeal of G.S. 1-21 insofar as G.S. 1-21 would have otherwise permitted this plaintiff to start this action against these individual nonresident defendants more than three years after the cause of action arose?

Many other states have enacted similar long arm statutes designed to give their courts all the personal jurisdictional powers permitted under the due process clause of the Constitution. Many of those states, at the time of the enactment of long arm statutes, also had saving statutes, similar to our G.S. 1-21, which operated to toll the statute against those who could not be personally served with process within the state because of their absence from the state.

The courts of many of these states have had the opportunity to consider whether the statute of limitations is tolled

during a party's absence from the state when that party was, nevertheless, amenable to service of process that would have subjected him to the personal jurisdiction of the state. *See* Annot., Absence As Tolling Statute of Limitations, 55 A.L.R. 3d 1158. It appears that a majority of those courts have held the tolling statute to be inoperative. Others have held that enactment of long arm statutes did not preclude application of tolling statutes similar to our G.S. 1-21.

The precise question raised on this appeal does not appear to have been resolved by the Supreme Court of this State.

In *Green v. Ins. Co.*, 139 N.C. 309, 51 S.E. 887, the Court held that the availability of service of process against nonresident insurance companies by service upon the Commissioner of Insurance did not abrogate the suspension of the running of the statute against a nonresident insurance company. The Court through Clark, Chief Justice, said: "That service can thus be had upon a nonresident corporation may be a reason why the General Assembly should amend section 162 of The Code, so as to set the statute running in such cases, but it has not done so and the courts can not."

Later, in *Volivar v. Cedar Works*, 152 N.C. 656, 68 S.E. 200, the Court said it was then of the opinion that the earlier cases were not "well decided." In *Volivar* the Court held that the three years statute barred a claim against a foreign corporation that, at all relevant times, maintained a process agent in the State upon whom service could be had. A similar result was reached in *Smith v. Finance Co.*, 207 N.C. 367, 177 S.E. 183, where service on a Delaware corporation could have been made by leaving a copy of the process with the Secretary of the State who was required to mail the process to the appropriate corporate officer.

In a later case, suit was started against individual nonresident defendants after the statute of limitations would have ordinarily run. The Court used the following language:

"Being a nonresident of the State, he may not be permitted to invoke the protection of the statute of limitations, even though he may spend some time each year in the State.

Nor could this rule be affected by the fact that he owned property in North Carolina (*Grist v. Williams,* 111

N.C., 53), or had an agent in this State *(Williams v. Building & Loan Assn.,* 131 N.C., 267; *Green v. Ins. Co.,* 139 N.C., 309) ; *Volivar v. Cedar Works,* 152 N.C., 34." *Hill v. Lindsay,* 210 N.C. 694, 696, 188 S.E. 406.

The language of the Court, however, goes beyond the decision in the case because there is nothing to indicate that the nonresident defendants had theretofore been subject to service of process that would have conferred personal jurisdiction.

*Broadfoot v. Everett,* 270 N.C. 429, 154 S.E. 2d 522, involved, among other things, the question of whether, under the law of Pennsylvania, a nonresident defendant was entitled to assert that state's one year statute of limitations in a wrongful death action. A Pennsylvania statute, enacted in 1895, provided for the suspension of the running of the statute of limitations during a defendant's nonresidence in the state. The Secretary of the Commonwealth was, under another statute, a nonresident's agent for the service of process in any action brought against him in the courts of Pennsylvania by reason of an accident there. The Supreme Court of North Carolina, applying the case law of Pennsylvania, held that the nonresident was entitled to the benefit of the one year statute and that it ·was not tolled by his absence from the State.

We are in full accord with those who have said that the application of a tolling statute when defendant has at all times been subject to the service of process by which the court would have acquired personal jurisdiction is inimical to the general purposes of statutes of limitations. Those statutes exist to eliminate the injustice which may result from the assertion of stale claims by providing a reasonable but definite time within which a claim must be prosecuted in the courts or be forever barred. We also agree with those who say there is no need for a tolling statute when a nonresident defendant is amenable to process. For these and other very logical reasons the legislative bodies of several states have amended their tolling statutes to provide expressly that statutes of limitation are not tolled during the absence of a defendant who remains amenable to service that would give the court personal jurisdiction.

This Court is, however, reluctant to amend the statute by judicial declaration. When the General Assembly enacted Chapter 954 of the Session Laws of 1967 [an act creating the new Rules of Civil Procedure and Article 6A of Chapter 1, our

new jurisdictional statute] over two hundred sections of Chapter 1 were expressly repealed. Many other sections of Chapter 1 were expressly amended. G.S. 1-21 was neither expressly repealed nor amended. Section 5 of Chapter 954 re-enacted all portions of Chapter 1 "not repealed by this Act, not amended by this Act, or not in conflict with this Act. . . . "

That there is little need to give effect to a tolling statute when a nonresident is amenable to service that will confer personal jurisdiction does not place the tolling statute in hopeless conflict with the long arm jurisdictional statute. Full effect can be given to both of the statutes. The wisdom of allowing plaintiffs the additional option should be left for consideration by the General Assembly.

The order denying defendants' motion to dismiss is affirmed.

Affirmed.

Judges MORRIS and CLARK concur.