WALTON PETER BURKHIMER v. DON R. GEALY, INDIVIDUALLY, DON R. GEALY, EXECUTOR OF THE ESTATE OF MRS. DON R. GEALY, DAYCOA, INC., A CORPORATION, AND PREMIER PRODUCTS, INC., A CORPORATION

No. 7825SC198

(Filed 16 January 1979)

1. **Limitation of Actions § 4.6— breach of employment contract—action barred**

     Plaintiff's claim of damages filed on 17 December 1974 for breach of the terms and conditions of his employment contract as to the amount of commissions, overrides, infringement of territory and fringe benefits which allegedly occurred prior to his dismissal on 17 December 1971 was barred by the statute of limitations.

2. **Limitation of Actions § 4.6— termination of employment contract—action not barred**

     The statute of limitations as to plaintiff's claim for damages resulting from the termination of his employment contract on 17 December 1971 had not run when he commenced his action on 17 December 1974.

3. **Master and Servant § 10— duration of employment contract—no contract for life**

     Plaintiff's contention that defendant's termination of his employment breached his contract of employment for life is without merit where the evidence tended to show that plaintiff wrote a letter to defendant stating that the employment agreement would continue for the rest of his life or until terminated by mutual agreement; defendant rejected those terms by writing to plaintiff that the terms of the employment agreement would continue in effect for one year and would continue unless changed by mutual agreement; and plaintiff accepted those terms by completing applications and submitting forms in accord with the terms of the letter and continuing to work even after receiving the letter and with knowledge of its terms.

4. **Master and Servant § 10— contract terminable by mutual agreement—continuing contract—contract terminable at will of either party**

     Plaintiff's contention that, because his contract of employment with defendant was terminable by mutual agreement, it could endure for life is without merit since such contract was a continuing one, terminable at the will of either party.

APPEAL by plaintiff from *Kivett, Judge*. Judgment entered 4 October 1977 in Superior Court, CALDWELL County. Heard in the Court of Appeals 6 December 1978.

This is a civil action for damages for breach of an employment contract. Plaintiff claimed damages for breach of the terms and conditions of the employment contract as well as future damages based on an alleged employment contract for life.

Plaintiff was employed by defendant Daycoa, Inc. as a salesman in August 1963. Until that time, plaintiff had been selling similar products for another company in the same territory for a smaller commission than paid by defendant.

Defendant terminated plaintiff's employment 17 December 1971. Plaintiff filed this action 17 December 1974. Plaintiff claimed damages *prior* to 17 December 1971 for breach of the terms and conditions of his employment contract as to the amount of commissions, overrides, infringement of territory, and fringe benefits, as well as damages *after* 17 December 1971 based on the alleged employment contract for life. The terms and conditions of the alleged contract are the essence of the dispute in this case.

At the close of plaintiff's evidence, the trial judge granted defendants' motions for directed verdict as to all defendants except Daycoa, Inc., on the ground there was insufficient evidence to go to the jury. Defendant Daycoa, Inc. moved for directed verdict and it was granted for the following reasons: the claims for damages prior to 17 December 1971 were barred by the statute of limitations; the claim for future damages, based upon the employment contract for life, was too indefinite to enforce and was not supported by sufficient consideration. From this judgment, plaintiff appeals.

*L. H. Wall, Beal and Beal, by Fate J. Beal, and Walton Peter Burkhimer for plaintiff appellant.*

*Townsend, Todd & Vanderbloemen, by Bruce W. Vanderbloemen, for defendant appellees.*

MARTIN (Harry C.), Judge.

Plaintiff did not produce any evidence to prove a contract of employment with the defendants Don R. Gealy, Don R. Gealy, Executor of the Estate of Mrs. Don R. Gealy, or Premier Products, Inc. Plaintiff does not argue to the contrary in his brief. The trial judge properly dismissed plaintiff's claims against these defendants.

[1] The trial judge directed verdict for defendant Daycoa, Inc. on plaintiff's claims for damages. Plaintiff assigns this as error. Plaintiff's claims for damages are based upon the alleged breaches occurring *before* 17 December 1971 and for damages

based upon the alleged breach of the life employment contract *after* 17 December 1971. The damages claimed *prior* to 17 December 1971 are based upon breach of the terms of the alleged contract throughout the employment period from 23 August 1963 until 17 December 1971 as to commissions, overrides, infringement of territory, and fringe benefits. The incidents giving rise to these alleged breaches occurred *prior to* the termination of plaintiff's employment on 17 December 1971. Defendant Daycoa, Inc. asserted the statute of limitations. An affirmative defense of the applicable statute of limitations places the burden of proof upon plaintiff to show his action was commenced within the statutory period. *Willetts v. Willetts*, 254 N.C. 136, 118 S.E. 2d 548 (1961). Plaintiff commenced his action 17 December 1974. The statute of limitations for breach of contract is three years. N.C. Gen. Stat. 1-52. Plaintiff's claim for damages resulting from incidents occurring *before* 17 December 1971 is barred by the statute of limitations.

Plaintiff maintains that because the defendant was absent from the state, Section 21 of Chapter 1 of the General Statutes of North Carolina applies to prevent the running of the statute of limitations during the defendant's absence. The burden of proof is upon plaintiff to show that defendant comes within the purview of N.C.G.S. 1-21. From the evidence produced by plaintiff at trial, he did not meet this burden. Therefore, we do not reach the question of squaring N.C.G.S. 1-21 with the Long Arm Statute, N.C.G.S. 1-75.4, on this appeal. *See Duke University v. Chestnut*, 28 N.C. App. 568, 221 S.E. 2d 895 (1976); 12 Wake Forest L. Rev. 1041 (1976). Plaintiff's assignment of error as to the directed verdict on the claim for damages prior to 17 December 1971 is overruled.

[2]   The statute of limitations as to plaintiff's claim for damages resulting from the termination of his employment contract *on* 17 December 1971 has not run because the action was commenced within three years from the date the alleged breach occurred. Plaintiff's claim for damages *on* and *after* 17 December 1971 is discussed below.

[3]   The damages claimed *on* and *after* 17 December 1971 are based upon the breach of an alleged employment contract for life. Plaintiff first had to present evidence to establish the existence of

the life contract. The trial judge properly directed a verdict on this claim because there was insufficient evidence to go to the jury. All evidence on this question consisted of the following testimony of plaintiff:

> With respect to question 13(b), that is, the term of my contract, the answer I filed in my answers to the interrogatories was: "continuing." I did not explain the word "continuing." Just a moment ago I testified on direct examination that my employment was for my natural life. My answer to question 13.(b), "continuing," seemed similar to for my natural life.
>
> . . . .
>
> According to the agreement I entered into with Mr. Willis and Mr. Pylant for Daycoa my employment with Daycoa was to be for life, that was a term I stated for employment with them. After I stated the term, I mailed them a letter dated September 17, 1963, Plaintiff's Exhibit No. 3. On 20 September Mr. Breidenbach wrote me the letter which is defendants' Exhibit No. 2. I also received with that letter a salesman's agreement and territory that I signed and sent back with my letter, defendants' Exhibit No. 3. The September 20 letter of Mr. Breidenback doesn't have the terms and conditions that I say were agreed to, not all of them, including the term about life employment. It does say, though, that the terms shall remain in force for a minimum of one year providing I am representing Daycoa, and shall continue in force during sales representation unless changed by mutual agreement. It doesn't say for life, except it says by mutual agreement. As to whether I contend that makes a contract for life, it certainly makes it until we agreed to part, at least, and as long as sales representation, as long as I am still representing them.

Pertinent terms of plaintiff's letter to defendant on 17 September 1963: "[T]hat this agreement shall continue for the rest of my natural life or until terminated by mutual agreement."

Pertinent terms of defendant's letter to plaintiff on 20 September 1963: "[T]hese terms shall remain in force for a minimum of one year provided you are representing Daycoa and shall continue in force during sales representation unless changed by mutual agreement."

Defendant rejected terms of plaintiff's letter of 17 September 1963 by its response of 20 September 1963. Plaintiff offered no evidence that he opposed the terms of defendant's letter of 20 September 1963. In fact, plaintiff responded to the defendant's letter by completing applications and submitting forms in accord with the terms of the letter. Plaintiff continued to work even after receiving the letter and with knowledge of the terms. This indicates that plaintiff accepted defendant's terms of employment.

[4]  In plaintiff's testimony, he adopts the defendant's letter of 20 September 1963 and contends that because the contract is terminable by mutual agreement, it could endure for life.

The wording of the defendant's 20 September 1963 letter is clear. The contract was to remain in force for one year and would be a continuing contract. A continuing contract is not a contract for life. A continuing contract is for an indefinite term. An employment contract which does not fix a definite term is terminable at the will of either party. *Wilkinson v. Mills*, 250 N.C. 370, 108 S.E. 2d 673 (1959); *Nantz v. Employment Security Comm.*, 290 N.C. 473, 226 S.E. 2d 340 (1976); *Tatum v. Brown*, 29 N.C. App. 504, 224 S.E. 2d 698 (1976); 8 Strong's N.C. Index 3d, Master and Servant § 10. In *Still v. Lance*, 279 N.C. 254, 182 S.E. 2d 403 (1971), the employment contract stated that it was "a regular, permanent job." The Court held that even with this language, employment was "terminable at the will of either party irrespective of the quality of performance by the other party." *Id.* at 259, 182 S.E. 2d at 406. Generally, employment contracts that attempt to provide for permanent employment, or "employment for life," are terminable at will by either party. Where the employee gives some special consideration in addition to his services, such as relinquishing a claim for personal injuries against the employer, removing his residence from one place to another in order to accept employment, or assisting in breaking a strike, such a contract may be enforced. *Tuttle v. Lumber Co.*, 263 N.C. 216, 139 S.E. 2d 249 (1964). Plaintiff has failed to produce any evidence that he gave any consideration to Daycoa other than the obligation of services to be performed for compensation to be paid by Daycoa. Plaintiff's assignment of error as to the directed verdict on the claim for damages on and after 17 December 1971 is overruled.

Plaintiff further assigns as error the admission of certain evidence because it was either hearsay, irrelevant, or inadmissible. This case was brought to trial before a judge. In a nonjury case, the rules of evidence are more relaxed than in a jury trial for the reason that a " 'judge with knowledge of the law is able to eliminate from the testimony he hears that which is immaterial and incompetent, and consider that only which tends properly to prove the facts to be found.' " 1 Stansbury's N.C. Evidence (Brandis Revision, 1973), § 4a. In the case *sub judice*, the experienced trial judge was able to disregard incompetent evidence. There is a rebuttable presumption that the trial judge disregarded any incompetent evidence. *Bizzell v. Bizzell*, 247 N.C. 590, 101 S.E. 2d 668 (1958). Nothing in the record rebuts this presumption. As to these assignments, we find no error.

Affirmed.

Chief Judge MORRIS and Judge ERWIN concur.