WILLIAM E. GLYNN v. STONEVILLE FURNITURE CO., INC., STONEVILLE OF CALIFORNIA, INC., WICKES COMPANIES AND WICKES CORPORATIONS

No. 8610SC1057

(Filed 7 April 1987)

1. **Rules of Civil Procedure § 56— summary judgment hearing—motion to continue properly denied**

    The trial court did not abuse its discretion in denying plaintiff's motion to continue the hearing on defendants' motion for summary judgment where plaintiff's affidavit accompanying his motion did not detail any facts necessary to justify his opposition to the summary judgment motion which plaintiff could not present by affidavit. N.C.G.S. § 1A-1, Rule 56(f).

2. **Limitation of Actions § 12.1— action barred by California statute—plaintiff not N.C. resident—N.C. statute inapplicable**

    The N.C. "borrowing statute," N.C.G.S. § 1-21, applied to plaintiff's action and required the use of the applicable California statute of limitations to bar plaintiff's action in the courts of N.C., since plaintiff was not a resident of this state at the time his cause of action originally accrued and so could not avail himself of the longer N.C. statute of limitations.

APPEAL by plaintiff from *Farmer, Judge.* Judgments entered 30 May 1986 in WAKE County Superior Court. Heard in the Court of Appeals 4 March 1987.

Glynn v. Stoneville Furniture Co., Inc.

Plaintiff brought this action on 22 November 1985 seeking, *inter alia*, damages for personal injuries allegedly caused by defendants' negligence. Plaintiff alleged in his complaint that on or about 12 March 1984 plaintiff was a customer in a retail store owned by defendants Wickes Companies and Wickes Corporations (Wickes). While in the store, plaintiff sat in a chair manufactured by defendants Stoneville Furniture Co., Inc. and Stoneville of California, Inc. (Stoneville), and the chair collapsed causing "plaintiff to fall on the cement floor seriously injuring his back. . . ."

Defendants moved for summary judgment. The court denied plaintiff's motion to continue hearing on Wickes defendants' motion for summary judgment. The court then entered summary judgment in favor of all defendants on the grounds that plaintiff's action was barred by the applicable statute of limitations. Plaintiff appealed.

*Brenton D. Adams for plaintiff-appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by Donald H. Tucker, Jr., for defendant-appellees Stoneville Furniture Co., Inc. and Stoneville of California, Inc.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Dan M. Hartzog and H. L. Evans, Jr., for defendant-appellees Wickes Companies and Wickes Corporations.*

WELLS, Judge.

[1] Plaintiff contends the court erred in denying his N.C. Gen. Stat. § 1A-1, Rule 56(f) motion for a continuance as against the Wickes defendants. We disagree.

Rule 56(f) provides as follows:

(f) *When affidavits are unavailable.* — Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The court may grant or deny a continuance pursuant to Rule 56(f) in the exercise of its discretion. *Ipock v. Gilmore*, 73 N.C. App.

182, 326 S.E. 2d 271, *disc. rev. denied,* 314 N.C. 116, 332 S.E. 2d 481 (1985).

We hold that the court did not abuse its discretion in denying plaintiff's motion here. Plaintiff's affidavit accompanying his motion does not detail any facts, as required by Rule 56(f), necessary to justify his opposition to Wickes' motion for summary judgment which plaintiff could not present by affidavit. *See id.* Accordingly, this contention is rejected.

Plaintiff contends the court erred in granting defendants' motions for summary judgment. For the reasons set forth below, we affirm.

[2]    The issue is whether the North Carolina "borrowing statute," N.C. Gen. Stat. § 1-21, applies to plaintiff's action and requires the use of the applicable California statute of limitations to bar plaintiff's action in the courts of North Carolina.

G.S. § 1-21 provides:

> If when the cause of action accrues or judgment is rendered or docketed against a person, he is out of the State, action may be commenced, or judgment enforced within the times herein limited after the return of the person into this State, and if, after such cause of action accrues or judgment is rendered or docketed, such person departs from and resides out of this State, or remains continuously absent therefrom for one year or more, the time of his absence shall not be a part of the time limited for the commencement of the action or the enforcement of the judgment. Provided, that where a cause of action arose outside of this State and is barred by the laws of the jurisdiction in which it arose, no action may be maintained in the courts of this State for the enforcement thereof, except where the cause of action originally accrued in favor of a resident of this State.
>
> The provisions of this section shall not apply to the extent that a court of this State has or continues to have jurisdiction over the person under the provisions of G.S. 1-75.4.

In plaintiff's response to defendants' requests for admission, he admits that "every claim or cause of action alleged in plaintiff's complaint arose . . . in the State of California on or about

Glynn v. Stoneville Furniture Co., Inc.

March 12, 1984." Further, plaintiff does not dispute the fact that this action is barred in California under the applicable one-year statute of limitations contained in Cal. Civ. Proc. Code § 340 (West 1987 Supp.). Plaintiff nevertheless contends that G.S. § 1-21 does not apply here because defendants were subject to "long-arm" jurisdiction pursuant to N.C. Gen. Stat. § 1-75.4 at the time plaintiff brought this action and that plaintiff is thus entitled to the benefit of the longer North Carolina statute of limitations.

Personal jurisdiction over defendants under G.S. § 1-75.4, standing alone, however, is not sufficient to place plaintiff's action outside G.S. § 1-21. Plaintiff must also be a resident of this State at the time his action originally accrued in order to maintain an action in the courts of this State which is barred by the laws of the jurisdiction in which it arose. *Stokes v. Wilson and Redding Law Firm*, 72 N.C. App. 107, 323 S.E. 2d 470 (1984), *disc. rev. denied*, 313 N.C. 612, 332 S.E. 2d 83 (1985). In *Stokes*, we stated:

> First, we note that the "borrowing statute" is not applicable if a defendant is subject to long-arm jurisdiction under G.S. § 1-75.4 (1983). G.S. § 1-21 (1983); *see* Note, 12 Wake Forest L. Rev. 1041 (1976) (tolled statute of limitations v. long-arm statute amenability). Second, after the cause of action has been barred in the jurisdiction where it arose, only a plaintiff, who was a resident of this State at the time the cause of action originally accrued, has the right to maintain an action in the courts of this State. G.S. § 1-21 (1983).

In plaintiff's response to defendants' requests for admission he admits that he "is not, and was not at the time plaintiff's cause of action arose and/or accrued, a citizen or resident of the State of North Carolina." Plaintiff thus may not avoid the "borrowing statute," G.S. § 1-21, and avail himself of the longer North Carolina statute of limitations since he was not a resident of this State at the time his cause of action originally accrued. *Id.* Accordingly, we hold that G.S. § 1-21 applies to bar plaintiff's action and that the court thus properly entered summary judgment in favor of defendants.

Affirmed.

Chief Judge HEDRICK and Judge BECTON concur.