LAURENT v. USAIR, INC.

[124 N.C. App. 208 (1996)]

EDWARD C. LAURENT, Appellant v. USAIR, INC., Appellee

No. COA96-19

(Filed 15 October 1996)

**Limitations, Repose, and Laches § 157 (NCI4th)— nonresident plaintiff—injuries received in another state—action barred under borrowing statute**

A nonresident plaintiff's claim against a foreign airline which has a place of business in this state for injuries received while in airspace over California or Arizona was time barred under the "borrowing statute," N.C.G.S. § 1-21, where plaintiff's claim was barred by the California and Arizona statutes of limitation, and plaintiff was not a resident of this state at the time his claim accrued, notwithstanding North Carolina still had long-arm jurisdiction over defendant.

**Am Jur 2d, Limitation of Actions §§ 55, 67.**

**Validity, construction, and application, in nonstatutory personal injury actions, of state statute providing for borrowing of statute of limitations of another state. 41 ALR4th 1025.**

Appeal by plaintiff from order entered 13 October 1995 by Judge William Z. Wood, Jr., in Forsyth County Superior Court. Heard in the Court of Appeals 25 September 1996.

*Wilson & Iseman, L.L.P., by Urs R. Gsteiger; and Overbey, Hawkins & Selz, by Bryan K. Selz, for plaintiff appellant.*

*Bell, Davis & Pitt, P.A., by William K. Davis, Stephen M. Russell and Alan M. Ruley, for defendant appellee.*

SMITH, Judge.

Plaintiff Edward C. Laurent is a resident of Goode, Virginia. Defendant, USAir, Inc., is a foreign corporation with its headquarters in Virginia, and a place of business in Winston-Salem, North Carolina. On or about 5 March 1992, plaintiff was a passenger on USAir flight No. 86, traveling from San Diego, California, to Pittsburgh, Pennsylvania. Prior to departure, a briefcase was placed in the storage compartment above plaintiff's seat by an employee of defendant. During the flight, at approximately 5:15 Eastern Standard

**LAURENT v. USAIR, INC.**

[124 N.C. App. 208 (1996)]

Time, another passenger opened the overhead compartment and the briefcase fell out and struck plaintiff on the head and neck. Plaintiff lost consciousness and upon regaining consciousness experienced double vision, dizziness and disorientation. At the time of the accident, the airplane would have been in either California or Arizona airspace.

Over two and one-half years later, on 27 December 1994 plaintiff filed a personal injury and negligence action against USAir in Forsyth County, North Carolina. At the time plaintiff filed his action in North Carolina, his claim was barred by the California and Arizona statutes of limitation. Cal. Civil Procedure Code § 340(3) (West 1982); Ariz. Rev. Stat. Ann. § 12-542 (1992). Defendant USAir filed a motion for summary judgment on the grounds that plaintiff's action was barred by the applicable statutes of limitation. The motion was granted and from the order granting summary judgment, plaintiff appeals.

Plaintiff argues that the trial court erred by granting summary judgment for defendant because plaintiff's claim is not barred by virtue of N.C. Gen. Stat. § 1-21 (1983). Plaintiff contends that N.C. Gen. Stat. § 1-21 does not apply to the case at bar because the second paragraph of the statute says that N.C. Gen. Stat. § 1-21, "shall not apply to the extent that a court of this State has or continues to have jurisdiction over the person under the provisions of G.S. 1-75.4." N.C. Gen. Stat. § 1-21. While we find some merit and logic to plaintiff's argument, we must affirm the order of the trial court.

N.C. Gen. Stat. § 1-21 provides:

**Defendant out of State; when action begun or judgment enforced.**

If when the cause of action accrues or judgment is rendered or docketed against a person, he is out of the State, action may be commenced, or judgment enforced within the times herein limited after the return of the person into this State, and if, after such cause of action accrues or judgment is rendered or docketed, such person departs from and resides out of this State, or remains continuously absent therefrom for one year or more, the time of his absence shall not be a part of the time limited for the commencement of the action or the enforcement of the judgment. Provided, that where a cause of action arose outside of this State and is barred by the laws of the jurisdiction in which it arose, no action may be maintained in the courts of this State for the

LAURENT v. USAIR, INC.

[124 N.C. App. 208 (1996)]

enforcement thereof, except where the cause of action originally accrued in favor of a resident of this State.

The provisions of this section shall not apply to the extent that a court of this State has or continues to have jurisdiction over the person under the provisions of G.S. 1-75.4.

Prior to the 1979 amendment to N.C. Gen. Stat. § 1-21 the second paragraph addressing long-arm jurisdiction did not exist.

One of the purposes of G.S. 1-21 was said to be to prevent defendants from having the benefit of the lapse of time—the statute of limitations—while they remain beyond the limits of the State and allow their debts to remain unpaid, it not being the policy of the State to drive its citizens to seek their legal remedies abroad.

*Duke University v. Chestnut,* 28 N.C. App. 568, 570, 221 S.E.2d 895, 896 (1976) (citing *Armfield v. Moore,* 97 N.C. 34, 2 S.E. 347 (1887)). The issue before this Court in *Duke* was whether the long- arm provisions of N.C. Gen. Stat. § 1-75.4 effectively repealed the tolling provisions of N.C. Gen. Stat. § 1-21 because the tolling statute would otherwise have permitted the plaintiff to start his action against the individual nonresident defendants more than three years after the cause of action arose. *Duke,* 28 N.C. App. at 569, 221 S.E.2d at 896.

[T]he court chose to give effect to both the tolling statute and the long-arm statute by holding that the enactment of the long-arm statute making nonresident defendants amenable to process did not result in the pro tanto repeal of the provision tolling the statute of limitations, but merely afforded plaintiffs an additional procedural option. Deferring to what it considered the proper boundary between judicial and legislative functions, the court invited the General Assembly to consider the wisdom of allowing plaintiffs this option.

Reginald Combs, *Civil Procedure-Tolled Statute of Limitations v. Long-Arm Statute Amenability,* 12 Wake Forest L. Rev. 1041, 1042-43 (1976) (footnote omitted). In *Duke,* this Court adopted the minority position that the statute of limitations was tolled during the time the defendant was outside the state despite his continued amenability under the provisions of the long-arm statute, but it also espoused the majority position. *Id.* at 1049-50. This Court adopted the minority position because it was reluctant to amend the tolling statute by judicial declaration and left any such amendment for

the consideration of the General Assembly. *Duke*, 28 N.C. App. at 572, 221 S.E.2d at 898.

In an attempt to remedy this situation, the General Assembly amended N.C. Gen. Stat. § 1-21 in 1979 by adding the second paragraph of the statute which provides, "[t]he provisions of this section shall not apply to the extent that a court of this State has or continues to have jurisdiction over the person under the provisions of G.S. 1-75.4." Although unartfully drafted, what the legislature intended was for the second paragraph to nullify the *tolling* provision of N.C. Gen. Stat. § 1-21, not to nullify the *"borrowing provision"* of the statute.

In *Stokes v. Wilson and Redding Law Firm*, 72 N.C. App. 107, 323 S.E.2d 470 (1984), *disc. review denied*, 313 N.C. 612, 332 S.E.2d 83 (1985) this Court stated:

> First, we note that the "borrowing statute" [N.C. Gen. Stat. § 1-21] is not applicable if a defendant is subject to long-arm jurisdiction under G.S. § 1-75.4 (1983). Second, after the cause of action has been barred in the jurisdiction where it arose, *only a plaintiff, who was a resident of this State at the time the cause of action originally accrued, has the right to maintain an action in the courts of this State.*

*Id.* at 113, 323 S.E.2d at 475 (emphasis added) (citations omitted). In *Glynn v. Stoneville Furniture Co.*, 85 N.C. App. 166, 169, 354 S.E.2d 552, 553, *disc. review denied*, 320 N.C. 512, 358 S.E.2d 518 (1987), plaintiff contended that N.C. Gen. Stat. § 1-21 did not apply because defendants were subject to long-arm jurisdiction pursuant to N.C. Gen. Stat. § 1-75.4 at the time that plaintiff brought the action and that plaintiff was thus entitled to the benefit of the longer North Carolina statute of limitations. This Court applying N.C. Gen. Stat. § 1-21, held that plaintiff's action was barred in the courts of North Carolina since plaintiff was not a resident of this state at the time his cause of action accrued, and plaintiff's action was barred by the applicable California statute of limitations. *Id.* at 169, 354 S.E.2d at 554. Therefore, plaintiff could not avail himself of the longer North Carolina statute of limitations. *Id.*

In the present case plaintiff asserts, pursuant to N.C. Gen. Stat. § 1-21, that, because North Carolina has long-arm jurisdiction over defendant by virtue of the second paragraph of N.C. Gen. Stat. § 1-21, the statute does not apply to the case at bar. This is the precise argu-

ment made by the plaintiff in *Glynn* which argument was rejected by this Court.

While plaintiff's argument is intriguing, we must affirm the order of the trial court. "Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."*In the Matter of Appeal from Civil Penalty,* 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Accordingly, we hold that N.C. Gen. Stat. § 1-21 bars plaintiff's action, and the trial court properly entered summary judgment in favor of defendant.

Affirmed.

Judges EAGLES and MARTIN, John C., concur.