Judges JOHNSON and WYNN concur.

━━━━━━━

JOHN T. TIERNEY, W. R. ARMSTRONG, JR., DIANNE JUBY, W. W. BECK, JR., JAMES C. HEDGECOCK, JACQUE HEDGECOCK, ROBERT DOWNING, STEVEN COHEN, TIMOTHY J. DENAULT, SUSAN P.A. DENAULT, DENNIS HALL, CAROL HALL, CAREY BERG, CONNALLY BRANCH, AND SUBSCRIBERS OF FIRST CONSUMERS STATE BANK, SOUTHERN PINES (PROPOSED), PLAINTIFFS V. ROBERT M. GARRARD, DEFENDANT

No. COA95-1399

(Filed 5 November 1996)

**Limitations, Repose, and Laches § 125 (NCI4th)— absence of defendant from state—defendant amenable to service by publication—limitations period not tolled**

The statutes of limitations for plaintiffs' claims against defendant based upon conduct in this state while defendant was a resident of this state were not tolled by N.C.G.S. § 1-21 after defendant left this state where defendant was amenable to personal jurisdiction pursuant to service by publication under N.C.G.S. § 1-75.4(3). The second paragraph of § 1-21 exempting from the tolling provisions a defendant amenable to process pursuant to N.C.G.S. § 1-75.4 does not apply only to defendants amenable to personal process.

**Am Jur 2d, Courts §§ 102-104; Limitation of Actions §§ 154-155.**

Appeal by plaintiffs from orders entered 5 June 1995 and 24 July 1995 by Judge James M. Webb in Moore County Superior Court. Heard in the Court of Appeals 18 September 1996.

Plaintiffs filed a suit against defendant alleging securities fraud, breach of fiduciary duty, and fraud relating to a failed banking busi-

ness venture, in which defendant was chairman of the proposed bank's Incorporators and Steering Committee. Specifically, plaintiffs claimed that defendant misapplied organizational funds entrusted to his control, both for personal gain and as part of a continuing scheme to defraud potential and existing subscribers to the proposed bank. They asserted that as a result of defendant's alleged misconduct, the proposed bank suffered a net earnings loss of $207,360.00, and plaintiffs individually suffered a personal loss of $126,000.00.

Plaintiffs alleged that the conduct complained of occurred when defendant resided in Moore [County], North Carolina, before or in early August 1990. They also claimed, however, that "soon after the events alleged," defendant left and remained out of the state, and they did not learn of some of the alleged misappropriations until September 1990.

Plaintiffs filed their complaint on 28 December 1994, more than four years after the alleged events occurred. On 20 February 1995 defendant filed a Motion to Dismiss, based in part on the applicable statutes of limitations, and on or about 1 March 1995, he filed an Answer and Counterclaims and a Motion for Judgment on the Pleadings. On or about 4 May 1995, defendant filed an Amended Motion to Dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, asserting that plaintiff's complaint disclosed on its face that the action was barred by the applicable statutes of limitations and other time-based defenses.

After a hearing on 5 June 1995, the trial court ordered dismissal of the action pursuant to Rule 12(b)(6) and Rule 12(c) of the North Carolina Rules of Civil Procedure. Plaintiffs filed a Motion to Set Aside Order of Dismissal on or about 14 June 1995. After hearing arguments and reviewing plaintiffs' motion and several affidavits concerning defendant's location following his alleged misconduct, the trial court denied plaintiffs' Motion to Set Aside the Order of Dismissal on 24 July 1995, finding that plaintiffs "failed to assert 'new evidence' that would change the outcome of the Court's prior ruling."

Plaintiffs now appeal both the trial court's original order of dismissal and its order denying plaintiffs' motion to set aside the dismissal order.

*Britt & Britt, by William S. Britt, for plaintiff appellants.*

*Bugg & Wolf, P.A., by John E. Bugg and William J. Wolf, for defendant appellee.*

ARNOLD, Chief Judge.

The only issue for our review is plaintiffs' first assignment of error, which addresses whether N.C. Gen. Stat. § 1-21 (1983) operates to toll the statutes of limitations applicable to their claims, and in turn whether the trial court correctly dismissed the action. Plaintiffs cite no authority and make no argument in support of their second assignment of error, which asserts that the trial court erred in denying their Motion to Set Aside the Order of Dismissal. We therefore deem plaintiffs' second assignment of error abandoned pursuant to Rule 28(b)(5) of the North Carolina Rules of Appellate Procedure, and we consider only such evidence in the record as applies to the trial court's 5 June 1995 order of dismissal.

Pursuant to N.C. Gen. Stat. § 1-52 (Supp. 1995), a three-year statute of limitations applies to plaintiffs' claims of fraud and breach of fiduciary duty. A two-year statute of limitations applies to plaintiffs' claims of securities fraud under N.C. Gen. Stat. § 78A-56(f) (1994). In their complaint, plaintiffs alleged that defendant's fraudulent conduct occurred in August 1990, and they discovered it in September 1990. Plaintiffs did not file their complaint, however, until more than four years later, on 28 December 1994. Therefore, to maintain their cause of action, plaintiffs argue that the statutes of limitations were tolled by G.S. § 1-21, which provides, in pertinent part:

> If when the cause of action accrues or judgment is rendered or docketed against a person, he is out of the State, action may be commenced, or judgment enforced within the times herein limited after the return of the person into this State, and if, after such cause of action accrues or judgment is rendered or docketed, such person departs from and resides out of this State, or remains continuously absent therefrom for one year or more, the time of his absence shall not be a part of the time limited for the commencement of the action or the enforcement of the judgment. . . . .
>
> *The provisions of this section shall not apply to the extent that a court of this State has or continues to have jurisdiction over the person under the provisions of G.S. 1-75.4.*

(Emphasis added.) "The burden of proof is upon plaintiff to show that defendant comes within the purview of N.C.G.S. 1-21." *Burkhimer v. Gealy,* 39 N.C. App. 450, 452, 250 S.E.2d 678, 680-81, *disc. review denied,* 297 N.C. 298, 254 S.E.2d 918 (1979).

In 1979 the North Carolina legislature amended G.S. § 1-21 by adding the second paragraph, in an attempt to resolve potential conflict between the tolling statute and the long-arm statute. *See* 1979 N.C. Sess. Laws ch. 525, § 1. Prior to that time, this Court addressed the tolling statute and suggested the propriety of such an amendment:

> We are in full accord with those who have said that the application of a tolling statute when defendant has at all times been subject to the service of process by which the court would have acquired personal jurisdiction is inimical to the general purposes of statutes of limitations. Those statutes exist to eliminate the injustice which may result from the assertion of stale claims by providing a reasonable but definite time within which a claim must be prosecuted in the courts or be forever barred. We also agree with those who say there is no need for a tolling statute when a nonresident defendant is amenable to process. For these and other very logical reasons the legislative bodies of several states have amended their tolling statutes to provide expressly that statutes of limitation are not tolled during the absence of a defendant who remains amenable to service that would give the court personal jurisdiction.

*Duke University v. Chestnut*, 28 N.C. App. 568, 572, 221 S.E.2d 895, 898, *appeal dismissed*, 289 N.C. 726, 224 S.E.2d 674 (1976); *see* Note, *Tolled Statute of Limitations v. Long-Arm Statute Amenability*, 12 Wake Forest L. Rev. 1041 (1976).

The addition of the second paragraph of G.S. § 1-21 provides, in effect, that G.S. § 1-21 is not applicable to toll a statute of limitations if a defendant is amenable to long-arm jurisdiction under G.S. § 1-75.4. *See Stokes v. Wilson and Redding Law Firm*, 72 N.C. App. 107, 113, 323 S.E.2d 470, 475 (1984), *disc. review denied*, 313 N.C. 612, 332 S.E.2d 83 (1985). *See Laurent v. U.S. Air, Inc.*, 124 N.C. App. 208, 476 S.E.2d 443 (1996) (holding that the second paragraph of G.S. § 1-21 nullifies the statute's tolling provision). The long-arm statute provides, in pertinent part:

> A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j), Rule 4(j1), or Rule 4(j3) of the Rules of Civil Procedure under any of the following circumstances:

> . . . .

(3) Local Act or Omission.—In any action claiming injury to person or property or for wrongful death within or without this State arising out of an act or omission within this State by the defendant.

G.S. § 1-75.4.

In this case, plaintiffs admit in their complaint that at the time of the conduct alleged, defendant was a citizen and resident of North Carolina, and that defendant left the state only *after* the events alleged. Clearly, as is shown on the face of plaintiffs' complaint, defendant was amenable to personal jurisdiction pursuant to G.S. § 1-75.4(3), if not another subsection of that provision. *See, e.g.*, G.S. § 1-75.4(1) (Local Presence or Status); G.S. § 1-75.4(5) (Local Services, Goods or Contracts).

While G.S. § 1-75.4 prescribes the *grounds* upon which a court may exercise personal jurisdiction, Rule 4 of the North Carolina Rules of Civil Procedure provides the *manner* in which personal jurisdiction is exercised or asserted. *See* G.S. § 1A-1, Rule 4 cmt. to original rule (1990). Rule 4(j1) provides for service by publication on a party that cannot otherwise be served:

> [S]ervice of process by publication shall consist of publishing a notice of service of process by publication once a week for three successive weeks in a newspaper that is qualified for legal advertising in accordance with G.S. 1-597 and G.S. 1-598 and circulated in the area where the party to be served is believed by the serving party to be located, or if there is no reliable information concerning the location of the party then in a newspaper circulated in the county where the action is pending.

G.S. § 1A-1, Rule 4(j1) (Supp. 1995).

Accordingly, plaintiffs could have served defendant by publication, even if they did not know where he was located. Clearly, defendant was, at all relevant times after the conduct complained of, amenable to process pursuant to G.S. §§ 1-75.4 and 1A-1, Rule 4.

Plaintiffs contend that the last paragraph of G.S. § 1-21, exempting from the tolling provisions a defendant amenable to process pursuant to G.S. § 1-75.4, "must be read to mean *personal* process of some sort," and not service by publication. They urge that a different reading of the interplay between §§ 1-21, 1-75.4, and 1A-1, Rule 4 "has the effect of turning the whole of § 1-21 into a nullity." Plaintiffs make

a novel argument, but we find that the plain language of the second paragraph of G.S. § 1-21 is unambiguous and does not limit the exemption from its tolling provisions to those defendants amenable only to personal process. Plaintiffs' arguments to the contrary are unpersuasive.

Plaintiffs may not avail themselves of the tolling statute by their own failure to timely serve defendant when he was statutorily amenable to process. We reiterate that to apply the tolling statute when a defendant "has at all times been subject to the service of process by which the court would have acquired personal jurisdiction is inimical to the general purposes of statutes of limitations." *Chestnut*, 28 N.C. App. at 572, 221 S.E.2d at 898.

Plaintiffs have failed in their burden of proving that G.S. § 1-21 operates to toll the applicable statutes of limitations in this case. *See Burkhimer*, 39 N.C. App. at 452, 250 S.E.2d at 680-81. "A statute of limitations can be the basis for dismissal on a Rule 12(b)(6) motion if the face of the complaint discloses that plaintiff's claim is so barred." *Long v. Fink*, 80 N.C. App. 482, 484, 342 S.E.2d 557, 559 (1986). The trial court's order dismissing plaintiffs' claims pursuant to Rule 12(b)(6) and 12(c) of the North Carolina Rules of Civil Procedure is, therefore,

Affirmed.

Judges JOHNSON and GREENE concur.