IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-958

Filed: 7 July 2020

Iredell County, No. 19 CVS 1081

STEVEN C. GEORGE, Plaintiff,

v.

LOWE'S COMPANIES, INC.; LOWE'S HOME CENTERS, LLC; and LOWE'S HOME IMPROVEMENT, LLC, Defendants.

Appeal by plaintiff from order entered 2 July 2019 by Judge Julia L. Gullett in Iredell County Superior Court. Heard in the Court of Appeals 18 March 2020.

*Hausler Law Firm, PLLC, by Kurt F. Hausler, for plaintiff-appellant.*

*Cranfill Sumner & Hartzog LLP, by Todd A. King, for defendants-appellees.*

ZACHARY, Judge.

Plaintiff Steven C. George, a resident of Indiana, was injured when he stepped on a nail in a Lowe's Home Improvement store in Kentucky. He subsequently commenced a negligence action in North Carolina against Lowe's Companies, Inc.; Lowe's Home Centers, LLC; and Lowe's Home Improvement, LLC (collectively "Defendants" or "Lowe's"). The trial court granted Defendants' motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. After careful review, we affirm the trial court's order.

## Background

The relevant facts are few. Plaintiff is a resident of Indiana. On 28 April 2016, while shopping at a Lowe's Home Improvement store in Kentucky, Plaintiff stepped

on a nail that "penetrated the sole of [his] shoe . . . and was driven into his left foot." "[T]he nail lodged a foreign substance in his left foot and caused [Plaintiff] to sustain serious and prolonged injuries[.]" On 23 April 2019, Plaintiff filed a complaint against Defendants in Iredell County, North Carolina, Lowe's principal place of business. Plaintiff alleged, *inter alia*, that Lowe's had a duty to maintain the premises of the Lowe's store in Kentucky at which he was injured "in a reasonably safe condition," and that Lowe's failure to do so was "the direct, proximate and reasonably foreseeable cause of" Plaintiff's injuries. On 24 June 2019, Defendants filed a motion to dismiss Plaintiff's complaint, asserting that Plaintiff's negligence claim was barred by N.C. Gen. Stat. § 1-21. The trial court entered its order granting Defendants' motion to dismiss on 2 July 2019. Plaintiff timely appealed.

### Standard of Review

"In considering a motion to dismiss under Rule 12(b)(6), the Court must decide whether the allegations of the complaint, if treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory." *CommScope Credit Union v. Butler & Burke, LLP*, 369 N.C. 48, 51, 790 S.E.2d 657, 659 (2016) (citations and internal quotation marks omitted). On appeal, we review de novo a trial court's grant of a motion to dismiss pursuant to Rule 12(b)(6). *Id.*

### Discussion

The dispositive issue on appeal is whether the trial court erred in construing the borrowing provision of N.C. Gen. Stat. § 1-21 as a bar to Plaintiff's negligence claim.

"Our traditional conflict of laws rule is that matters affecting the substantial rights of the parties are determined by lex loci, the law of the situs of the claim, and remedial or procedural rights are determined by lex fori, the law of the forum." *Boudreau v. Baughman*, 322 N.C. 331, 335, 368 S.E.2d 849, 853-54 (1988). "Ordinary statutes of limitation are clearly procedural, affecting only the remedy directly and not the right to recover." *Id.* at 340, 368 S.E.2d at 857.

Our General Assembly provided a legislative exception to the traditional rule by enacting a statute containing a limited "borrowing provision." *Laurent v. USAir, Inc.*, 124 N.C. App. 208, 211, 476 S.E.2d 443, 445 (1996), *disc. review denied*, 346 N.C. 178, 486 S.E.2d 205 (1997). Pursuant to N.C. Gen. Stat. § 1-21, where a claim arising in another jurisdiction is barred by the laws of that jurisdiction, and the claimant is not a resident of North Carolina, the claim will be barred in North Carolina as well:

> Provided, that where a cause of action arose outside of this State and is barred by the laws of the jurisdiction in which it arose, no action may be maintained in the courts of this State for the enforcement thereof, except where the cause of action originally accrued in favor of a resident of this State.

N.C. Gen. Stat. § 1-21 (2019).

In addition to the borrowing provision, section 1-21 contains a "tolling provision," which suspends the running of the relevant statute of limitations during the period in which a defendant is absent from this state and not subject to service:

> If when the cause of action accrues or judgment is rendered or docketed against a person, he is out of the State, action may be commenced, or judgment enforced within the times herein limited after the return of the person into this State, and if, after such cause of action accrues or judgment is rendered or docketed, such person departs from and resides out of this State, or remains continuously absent therefrom for one year or more, the time of his absence shall not be a part of the time limited for the commencement of the action or the enforcement of the judgment.

*Id.*

After the enactment of section 1-21, however, it became evident that where a defendant was subject to jurisdiction under the "long-arm statute," N.C. Gen. Stat. § 1-75.4, there was no need to toll the statute of limitations. *See Duke Univ. v. Chestnut*, 28 N.C. App. 568, 572, 221 S.E.2d 895, 898 ("[T]he application of a tolling statute when [the] defendant has at all times been subject to the service of process by which the court would have acquired personal jurisdiction is inimical to the general purposes of statutes of limitations."), *appeal dismissed*, 289 N.C. 726, 224 S.E.2d 674 (1976); *see generally* N.C. Gen. Stat. § 1-75.4 (setting forth the bases for a North Carolina court's assertion of personal jurisdiction). The General Assembly subsequently modified the statute to reflect this realization by adding a second paragraph: "The provisions of this section shall not apply to the extent that a court of

this State has or continues to have jurisdiction over the person under the provisions of [N.C. Gen. Stat. §] 1-75.4." N.C. Gen. Stat. § 1-21.

This newly added language gave rise to the argument that, where applicable, the second paragraph invalidated both the tolling and the borrowing provisions. *See, e.g., Laurent*, 124 N.C. App. at 211, 476 S.E.2d at 446. However, this Court has recognized that "what the legislature intended was for the second paragraph to nullify the *tolling* provision of N.C. Gen. Stat. § 1-21, not to nullify the *borrowing provision* of the statute." *Id.* at 211, 476 S.E.2d at 445 (internal quotation marks omitted).

In the instant case, it is undisputed that Plaintiff is not a resident of North Carolina; that his claim arose in Kentucky; and that Plaintiff's action is barred by Kentucky's one-year statute of limitations, Ky. Rev. Stat. Ann. § 413.140(1)(a) (LexisNexis 2019). Nevertheless, Plaintiff contends that N.C. Gen. Stat. § 1-21 does not bar pursuit of his negligence claim in the North Carolina courts, in that Defendants were subject to long-arm jurisdiction under the provisions of section 1-75.4, and therefore, "the timeliness of Plaintiff's claim against Defendants is controlled by North Carolina's three[-]year statute of limitations," N.C. Gen. Stat. § 1-52(16), rather than Kentucky's one-year statute of limitations. Plaintiff's argument lacks merit.

As Plaintiff correctly observes, Defendants were, at all relevant times, subject to the jurisdiction of the courts of this state. Nonetheless, "[p]ersonal jurisdiction over [D]efendants under [N.C. Gen. Stat.] § 1-75.4, standing alone, . . . is not sufficient to place [P]laintiff's action outside [N.C. Gen. Stat.] § 1-21." *Glynn v. Stoneville Furn. Co.*, 85 N.C. App. 166, 169, 354 S.E.2d 552, 553, *disc. review denied*, 320 N.C. 512, 358 S.E.2d 518 (1987); *accord Laurent*, 124 N.C. App. at 211-12, 476 S.E.2d at 446. Indeed, it is well settled that "Plaintiff must also be a resident of this State at the time his action originally accrued in order to maintain an action in the courts of this State which is barred by the laws of the jurisdiction in which it arose." *Glynn*, 85 N.C. App. at 169, 354 S.E.2d at 553 (citation omitted); *see also Laurent*, 124 N.C. App. at 211-12, 476 S.E.2d at 446 ("In the present case [the] plaintiff asserts, pursuant to N.C. Gen. Stat. § 1-21, that, because North Carolina has long-arm jurisdiction over [the] defendant by virtue of the second paragraph of N.C. Gen. Stat. § 1-21, the statute does not apply to the case at bar. This is the precise argument made by the plaintiff in *Glynn* which argument was rejected by this Court.").

After careful review of our precedent, the instant case is straightforward. Plaintiff, an Indiana resident, was injured when he stepped on a nail in a Lowe's store in Kentucky. Under Kentucky law, he had one year within which to commence his negligence action against Lowe's. Ky. Rev. Stat. Ann. § 413.140(1)(a). Plaintiff failed to timely file his action, and his inaction bars his claim not only in Kentucky, but also

in North Carolina.  *See Stokes v. Wilson & Redding Law Firm*, 72 N.C. App. 107, 113, 323 S.E.2d 470, 475 (1984) ("[A]fter the cause of action has been barred in the jurisdiction where it arose, only a plaintiff, who was a resident of this State at the time the cause of action originally accrued, has the right to maintain an action in the courts of this State."), *disc. review denied*, 313 N.C. 612, 332 S.E.2d 83 (1985).

Thus, because Plaintiff was not "a resident of this State at the time [his] cause of action originally accrued," *id.*, and his claim is barred in Kentucky, the jurisdiction in which the claim arose, Plaintiff's claim is also barred in this state pursuant to N.C. Gen. Stat. § 1-21.

### *Conclusion*

Accordingly, we affirm the trial court's order dismissing Plaintiff's complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

AFFIRMED.

Judges INMAN and YOUNG concur.