# FOLTZ & FULLER, INCORPORATED *v.* FULLER.

---

CONTRACTS; HIRING; DIRECTION OF VERDICT.

1. While an indefinite hiring at so much per year is prima facie a hiring at will only, and a hiring at so much per year, no time being specified, does not of itself make more than an indefinite hiring, it is competent for the parties to show a mutual understanding as to the duration of the term of employment.

2. Where at a preliminary meeting of incorporators before the organization of a corporation, it was agreed that one of them should be employed as secretary by the corporation at a stated salary for the first year, a specified portion to be paid in cash and the balance in the capital stock of the corporation, and the minutes of the first meeting of the corporation recited that the secretary should devote his entire time to the business, and receive as compensation the salary mentioned, payable in the manner specified, and the secretary immediately entered upon his duties and continued in their performance for about two months, when he was discharged over his protest; it was

*held* in an action against the corporation by the secretary to recover the balance due him under his contract, in which action the defense was that the contract with the plaintiff was indefinite as to time and that he was discharged because of incompetency, that the trial court properly refused to direct a verdict for the defendant, and also properly submitted to the jury the question whether there had been a hiring for a year, and left it to them to determine whether, if they found for the plaintiff on these questions, his subsequent discharge was justifiable.

No. 2320.    Submitted December 8, 1911.    Decided January 2, 1912.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, upon verdict, in an action *ex contractu.*                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment in the supreme court of the District upon a verdict for the plaintiff, Caleb W. W. Fuller, appellee here, in an action growing out of a contract.

The evidence of the plaintiff was to the effect that Elbie K. Foltz, Pierre M. Foltz, and himself, in March, 1910, organized the defendant corporation; that at an informal meeting of the incorporators immediately preceding such organization the question of plaintiff's employment was discussed, at which time it was agreed that plaintiff should be a trustee and secretary of the corporation, and in addition should be employed by the corporation, it being understood that he was to devote his entire time to its service; that he was to receive $1,000 for the first year, $50 per month to be paid in cash, and $33⅓ per month to be applied toward the payment of forty shares of the corporate stock of the par value of $10 per share, it being understood that he had no means with which to pay for the stock. Plaintiff offered in evidence a book purporting to be the proceedings of the meeting had upon the organization of the corporation, which showed that said Elbie K. Foltz was elected president and treasurer, said Pierre M. Foltz, vice president, and the plaintiff, secretary, all being elected for one year.    The min-

utes of this meeting also contained the following: "It was agreed the secretary should devote his entire time to the business, and receive as compensation $1,000 for the first year, payable as follows: $50 cash per month, and balance credited on his stock account." It further appeared from these minutes that the three parties above named were elected to serve as trustees for one year. It further appeared from the plaintiff's evidence that he immediately entered upon his duties and continued therein until May 31st, at which time the president and treasurer of the corporation informed him that his services were no longer required, owing to the state of the business of the corporation; that plaintiff protested against his discharge, insisting that his contract called for his employment for one year. Plaintiff admitted that he was to receive no compensation as an officer, but for services rendered in and about the business of the corporation.

Plaintiff claimed the balance then due him under his contract.

The defense was twofold: First, that the contract with the plaintiff was an indefinite one as to time; and, second, that he was discharged because of incompetency. To sustain the first contention the defendant introduced evidence tending to contradict the statements of the plaintiff concerning what occurred at the interview just prior to the organization of the corporation, and also tending to show that the minutes of the meeting of March 22d had not been correctly recorded by the plaintiff. The defendant further introduced evidence tending to support its second contention.

At the close of all the evidence the defendant asked for a directed verdict on the ground that the evidence did not show that a contract for one year had been entered into. This motion was overruled and an exception noted. Thereupon the court submitted to the jury the question whether there had been a hiring for one year, and, if they found for the plaintiff on this question, whether his subsequent discharge was justifiable. No exception was taken to the court's charge, and the jury returned a verdict for the plaintiff.

*Mr. Fred B. Rhodes* for the appellant.

*Mr. 'Leon Pretzfelder* for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

The jury having accepted the plaintiff's evidence as against that of the defendant, the only question before us is whether that evidence was sufficient to establish a contract or hiring for one year. There was evidence of a preliminary meeting of these incorporators, and evidence tending to show that it was there tentatively understood and agreed that plaintiff was to be employed by the corporation when formed for at least one year. The organization of the corporation closely followed this preliminary meeting, and the record of the proceedings of the first meeting, which we must here accept as correct, is in harmony with said tentative agreement. While the general rule undoubtedly is that a hiring at so much per year, without more, is an indefinite hiring, that rule gives way when the surrounding facts and circumstances show a different intention of the parties. Here, according to said minutes, plaintiff was to devote his entire time to the business, and receive as compensation "$1,000 *for the first year.*" The manner in which payment was to be made also indicates that a hiring for the full term was intended. In *E. I. DuPont Co.* v. *Waddell,* 101 C. C. A. 335, 178 Fed. 407, a case very similar to this in its facts, the question as to the duration of the term had been submitted to the jury, and the appellate court sustained the action of the trial court in so doing. It was ruled that the commencement and duration of service under a contract of employment is controlled by the intention of the parties as gathered from the terms of the contract and the surrounding circumstances, the burden of proof, of course, being upon the plaintiff. In *King* v. *Seaboard Air Line R. Co.* 140 N. C. 433, 53 S. E. 237, it was held that a telegram: "Can offer you extra force at $65 per month. Will want you at once to ditch D. & N. Road and R. & G. Answer quick. Job will last all the year,"—constituted an offer of em-

ployment for the remainder of the year, which became binding upon acceptance. The present is a stronger case for the plaintiff, in our opinion, than was that. In *McCullough Iron Co.* v. *Carpenter*, 67 Md. 554, 11 Atl. 176, after stating the general rule to be that "an indefinite hiring is prima facie a hiring at will," and that a hiring at so much per week, month, or year "no time being specified, does not *of itself* make more than an indefinite hiring," it was held competent for the parties to show mutual understanding as to the duration of the term of employment. In the case of *Orr* v. *Ward,* 73 Ill. 318, relied upon by appellant, the plaintiff relied solely upon the terms of a written contract, which the court held did not sustain his contention. In the present case, the plaintiff's testimony is supported not only by the corporate records, but by the surrounding facts and circumstances. His evidence as a whole we think fully justified the court in submitting the case to the jury.

Judgment will therefore be affirmed, with costs. *Affirmed.*