### J. S. MAY v. TIDEWATER POWER COMPANY.

(Filed 8 November, 1939.)

1. **Pleadings § 20—**

    Upon demurrer, the complaint will be liberally construed and the facts alleged therein will be taken as true, and the pleader given every reasonable intendment and presumption thereon, but the court cannot interpolate an essential allegation.

2. **Master and Servant § 7a—Mere discharge of employee in public place does not give employee cause of action in tort for wrongful discharge.**

    In an action in tort for wrongful discharge, an employee must allege an independent cause of action not arising out of contract and unconnected with the mere termination of the employment, and allegations that plaintiff employee was called to a public place and discharged so that the fact of his discharge became known publicly, without allegation of assault or of force constituting a trespass to his person or property, is insufficient to state a cause of action in tort, there being no contention that the manner of the discharge amounted to slander.

3. **Same—**

    Mere allegations that plaintiff employee was illegally and wrongfully discharged cannot be held to state a cause of action for breach of contract of employment in the absence of allegations showing the execution and terms of the contract of employment and the breach of such terms by the employer.

4. **Same—**

    When a contract of employment does not stipulate any term of employment or period of payment, the contract is terminable at the will of either party.

APPEAL by defendant from *Frizzelle, J.,* at June Civil Term, 1939, of LENOIR.

Civil action for recovery of damages resulting from wrongful discharge of plaintiff, heard upon demurrer.

The complaint alleges, in part:

"4. That this plaintiff was employed by the defendant in May, 1931, and was in its employment until he was discharged as hereinafter mentioned on March 24, 1938. During practically all of his period of employment by the defendant, the plaintiff served as branch manager of the defendant at its Kinston, North Carolina, office and plant.

"5. That on March 24, 1938, the defendant illegally, ruthlessly, wantonly and wrongfully discharged the plaintiff and made said discharge unnecessarily in a public place and in a public manner on the public street of the city of Kinston, and at an hour of the day when the street was frequented by passersby, many of whom, as the plaintiff is advised and believes, and so alleges, heard the discharge of this plaintiff as it was being made. That in order to make the discharge in the manner hereinbefore specified the defendant actually called this plaintiff from his office and from the office building occupied by the defendant in the city of Kinston, to the public street, and there in the manner aforesaid effected the discharge of this plaintiff from the service of the defendant. That at the time and on this public street this plaintiff protested against the conduct of the defendant and demanded that he first be given an auditing of his accounts and that he be permitted to turn over the office and the property of the defendant in an appropriate and orderly way, all of which was refused.

"6. That no complaint had ever been made by the defendant to this plaintiff as to purpose to discharge him at all, nor had any complaint been made to the plaintiff by the defendant to the effect that his services were unsatisfactory. At the time of the discharge in the manner hereinbefore mentioned, this plaintiff requested that information concerning the reasons therefor be given him, all of which was refused by the defendant.

"7. That the discharge of the plaintiff in the manner as hereinbefore mentioned became quickly known through the passersby and was immediately and continuously and generally discussed by the people of the city of Kinston and in the vicinity thereof where this plaintiff has spent his entire life and was well and favorably known. That great speculation and gossip was indulged in by the people as to what conduct by the plaintiff caused such peremptory and public discharge of this plaintiff by the defendant.

"8. That the service of this plaintiff during all the time of his employment by the defendant had been diligent, efficient and faithful to the defendant.

"9. That by the conduct of the defendant as hereinbefore mentioned, this plaintiff has been greatly damaged in the sum of $25,000."

The plaintiff prays judgment in the sum of $15,000 actual damages, and for $10,000 punitive damages.

Defendant demurs to the complaint for that it does not state facts sufficient to constitute a cause of action in that: the "alleged cause of action is predicated upon allegations that the defendant, employer, discharged the plaintiff, employee, under circumstances whereby the fact of discharge became known publicly, the plaintiff in his complaint seeking to recover damages for this alleged tort; whereas, as a matter of law, an action in tort does not lie against an employer for discharging an employee under the circumstances set forth and alleged in the complaint."

The court below being of opinion that a cause of action is stated, entered order overruling the demurrer, for which defendant appeals to the Supreme Court and assigns error.

*Allen & Allen, John G. Dawson, and L. E. Maxwell for plaintiff, appellee.*
*Charles F. Rouse for defendant, appellant.*

WINBORNE, J. Careful consideration of the allegations in the complaint lead to the conclusion that the demurrer should be sustained.

If we consider this an action in tort for wrongful discharge, which we think it is, the liability must grow out of the violation of some legal duty by the defendant, not arising out of contract, and "the complaint should state facts sufficient to show such legal duty and its violation resulting in injury to plaintiff." McIntosh P. & P., 394.

"A wrongful discharge from employment becomes the basis of an action in tort when accompanied by a wrongful act which amounts to a technical trespass with actual or constructive force. A malicious motive disconnected with the infringement of a legal right cannot be the subject of a civil action," *Adams, J.,* in *Elmore v. R. R.,* 191 N. C., 182, 13 S. E., 633, citing *Richardson v. R. R.,* 126 N. C., 100, 35 S. E., 235; *S. v. Van Pelt,* 136 N. C., 634, 49 S. E., 163; *Bell v. Danzer,* 187 N. C., 224, 121 S. E., 448. See, also, *Biggers v. Matthews,* 147 N. C., 299, 61 S. E., 55.

In the sense there used, trespass to the person "involves the idea of force or the direct character of an injury, remediable at common law by the action of trespass *vi et armis."*

In this connection there is no allegation of assault, of force, of trespass to his person or property, or any other act which "disjointed from the mere termination of the employment constitutes an independent

cause of action." *Elmore v. R. R., supra.* Plaintiff does not contend that the action is for slander.

Applying these principles to the facts alleged, admitted for the purpose as we must do in testing a demurrer, *Ballinger v. Thomas,* 195 N. C., 517, 142 S. E., 761; *Ins. Co. v. McCraw,* 215 N. C., 105, 1 S. E. (2d), 369, and cases cited, the allegations appear to be insufficient to meet the requirements.

It is contended by counsel for plaintiff in brief filed as well as in oral argument that, while a mere reading of the complaint may be suggestive of the conclusion that the action is in tort, they do not concede that all contractual relations as between the parties are excluded from consideration under the allegations of the complaint. They argue that the allegation that plaintiff had been in constant employment of defendant from May, 1931, to March, 1938, nearly seven years, is adequate to admit of showing that as a reason for his continued employment, there were renewed annual agreements between the parties that the relation should continue for another year.

Giving to the allegations the most liberal construction and the benefit of every reasonable intendment and presumption, we are unable to follow through on this argument. To do so would require the interpolation of allegation.

They further argue that in the allegation that plaintiff was illegally and wrongfully discharged, the words "illegally discharged" and "wrongfully discharged" may be applied with equal force to the breach of contract of employment as to a tortious discharge from employment. Conceding this to be true, as used here, it is apparent that the words are in connection with and as incidental to allegations in tort. There are no allegations of "the making of the contract, showing the terms which fix the plaintiff's right and defendant's liability" which are essential in an action on express contract. McIntosh P. & P., 394.

When in contracts for personal service no time is fixed and no stipulated period of payment made, the contract is terminable at the will of either party, and no cause of action results therefrom. *Edwards v. R. R.,* 121 N. C., 490, 28 S. E., 137; *Richardson v. R. R., supra; King v. R. R.,* 140 N. C., 433, 53 S. E., 237; *Soloman v. Sewerage Co.,* 142 N. C., 439, 55 S. E., 300; *Currier v. Lumber Co.,* 150 N. C., 694, 64 S. E., 763; *Elmore v. R. R., supra.*

The judgment below is

Reversed.