### FRED B. WILKINSON v. ERWIN MILLS, INCORPORATED.

(Filed 20 May, 1959.)

**Master and Servant § 6f—**

Where, in an action for wrongful discharge, plaintiff's evidence fails to establish a contract of employment for a fixed term, nonsuit is properly entered, since employment for an indefinite and unfixed duration is terminable at the will of either party.

APPEAL by plaintiff from *McKinnon, J.,* October, 1958 Civil Term, DURHAM Superior Court.

In this civil action the plaintiff has sought to recover $18,260.49 by reason of his alleged wrongful discharge on August 31, 1953, from the defendant's employment. The complaint alleged the damages consisted of the following: Loss of one year's salary at $1,000.00 per month; loss of the right to participate in the benefits of a trust fund set up by the defendant as a reward to its employees for loyal and faithful service; and loss of interest.

The plaintiff alleged in substance his faithful and loyal services began June 1, 1932, and continued to the date of his discharge. From April, 1942, he had been manager of the defendant's cotton department. During 1953 changes occurred in the ownership of defendant's capital stock which involved changes in management. During the reorganization, the plaintiff inquired of various officials whether the changes would affect his position with the company and was assured his employment would continue. He requested that if the changes should affect his position that he be given 30 days' notice prior to August 1, in order that he could seek other employment in the cotton trade. By a custom in the industry, employment usually begins August 1 each year.

The plaintiff testified in accordance with the allegations as summarized. On cross-examination, he admitted writing the following letter to the vice president of the defendant: " . . . you requested that I resign and stated that my services were no longer wanted. In view of your request, and solely because it was requested by you, I herewith tender my resignation . . . as of the close of business on August 31, 1953."

At the close of plaintiff's evidence the court entered a judgment of involuntary nonsuit, from which the plaintiff appealed.

*Blackwell M. Brogden, W. J. Brogden, Jr., for plaintiff, appellant.*
*Reade, Fuller, Newsom & Graham, By: F. L. Fuller, Jr. By: James T. Hedrick for defendant, appellee.*

PER CURIAM. The plaintiff's allegations and evidence insofar as his monthly salary is concerned show employment for a term of indefinite and unfixed duration. Such employment is terminable at the will of either party. If we disregard the letter and hold the plaintiff was discharged for causes other than failure to perform his services, nevertheless the defendant had the right to terminate plaintiff's services for its own reasons. Under the terms of the employment, the plaintiff could quit or the defendant could discharge him.

The evidence fails to show the plaintiff has not received all benefits which he has a present right to demand from the defendant under its trust plan.

This disposition makes it unnecessary for us to consider whether the lapse of time has barred plaintiff's right to maintain this action or whether the change of plaintiff's position resulted in any financial loss.

The judgment of involuntary nonsuit is
Affirmed.