GAIL M. BROOKS v. CAROLINA TELEPHONE AND TELEGRAPH COMPANY

No. 8120SC795

(Filed 20 April 1982)

1. **Master and Servant § 9— action for termination pay—summary judgment improper**

   The trial court erred in entering summary judgment for defendant employer in plaintiff's action to recover termination pay where an affidavit filed by defendant in support of its motion for summary judgment admitted plaintiff's employment in a management position and admitted that it had in effect a termination allowance applicable to management employees.

2. **Master and Servant § 9— action for overtime pay—summary judgment proper**

   The trial court properly entered summary judgment for defendant employer in plaintiff's action to recover overtime pay where plaintiff admitted in her affidavit that she was not entitled to overtime pay but asserted that defendant had violated its overtime policy by giving male management employees compensatory time off for overtime.

3. **Master and Servant § 10.2— wrongful discharge—insufficiency of complaint**

   Plaintiff's complaint was insufficient to state a claim for relief for wrongful discharge from her employment where plaintiff failed to allege that her employment was for a fixed term.

APPEAL by plaintiff from *Smith (Donald L.), Judge.* Judgment entered 9 June 1981 in Civil Superior Court, MOORE County. Heard in the Court of Appeals 31 March 1982.

Plaintiff's complaint contains four counts. In her first count, plaintiff alleges that she was employed by defendant for a number of years in a supervisory position; that she was wrongfully discharged; that defendant's personnel policy for management employees provides for a termination allowance upon discharge; and that she was entitled to 30 weeks salary upon her termination.

In her second count, plaintiff alleges that defendant's personnel policy provided that no employee would be discriminated against because of sex; that male management employees were compensated for overtime work, while plaintiff was not; and that she was entitled to compensation for 60 hours overtime.

In her third count, plaintiff alleges that defendant engaged in a campaign of unfriendly acts toward her to induce her to resign, causing her mental anguish.

In her fourth count, plaintiff alleges that under defendant's personnel policy, she was entitled to four weeks vacation pay upon termination.

Defendant answered admitting plaintiff's employment, alleging that plaintiff was terminated for inadequate job performance, and denying the remaining essential allegations in the complaint.

After the pleadings were joined, defendant moved for summary judgment. In support of its motion, defendant offered the affidavit of P. J. Long, Assistant Vice President of Human Resources. Mr. Long stated that he had primary responsibility for development, implementation, and interpretation of personnel practices for defendant. The remainder of Long's affidavit is, verbatim, as follows:

2. On January 30, 1980, the last day on which she was employed by the Company, Gail M. Brooks was working as a Business Office Supervisor in Fayetteville, North Carolina which was a salaried, management position. Employees occupying salaried, management positions with the Company are expected to perform the duties of their positions and are not entitled to compensatory time off or overtime pay for hours worked in excess of a forty hour week. This policy applied to Mrs. Brooks as well as all other salaried, management employees.

3. From time to time, the senior management of the Company will adopt internal working practices applicable to management employees. The adoption of such practices represents a unilateral management decision and such practices can be unilaterally amended or withdrawn by management.

4. Personnel Administration Practice, Section 0992-0002CT, Issue 5, Item 12, Termination Allowance was made applicable to management employees as a result of unilateral action by senior management. In the discretion of senior management, such practice was, and continues to be, subject to change or cancellation by unilateral decision.

Plaintiff responded with her affidavit, as follows:

1. That during my employment with Carolina Telephone and Telegraph Company, I was aware of a Personnel Practice and Procedure policy for the company. Vacation pay and time off were given according to the Practice Manual and I was aware of the fact that there would be no overtime pay or compensation for management personnel. However, I believe that this particular practice was violated by the company.

2. One of the reasons that I continued in employment with the company was my understanding of the rights and entitlements that I would be receiving by continuing my employment. I believe that those rights and entitlements were assured to me by the Personnel and Practice Manual for the company.

In addition to the foregoing affidavits, the trial court considered plaintiff's verified complaint. The trial court entered summary judgment for defendant on all four of plaintiff's counts. Plaintiff has appealed from that judgment.

*Pollock, Fullenwider, Cunningham & Patterson, P.A., by Bruce T. Cunningham, Jr., for plaintiff-appellant.*

*Tally & Tally, by John C. Tally, for defendant-appellee.*

WELLS, Judge.

[1] In count one of her complaint, plaintiff has in effect alleged that her employment contract was breached. Although plaintiff did allege that she was wrongfully discharged, the closing paragraph in this count and her prayer for relief make it clear that she is seeking to recover not for wrongful discharge, but for failure of defendant to pay compensation earned during her employment. We quote, in pertinent part, as follows:

9. That the personnel administration policy for management employees provides for a termination allowance to any employee who is dismissed or induced to resign for unadaptability or inability to perform properly the duties of the job. That the Plaintiff would be entitled to thirty (30) weeks of termination allowance due to the fact that she had been employed for in excess of fifteen (15) years.

WHEREFORE, the Plaintiff prays that she have and recover of the Defendant a sum equal to thirty (30) weeks of the Plaintiff's salary as termination allowance, and that the costs of this action be taxed against the Defendant.

Pursuant to the allegation set out in her first count, plaintiff would be entitled at trial to show that her contract of employment with defendant entitled her to the termination pay she seeks to recover. Defendant's denial of plaintiff's allegations as to her entitlement to such pay puts this matter at issue. Summary judgment, pursuant to the provisions of G.S. 1A-1, Rule 56 of the Rules of Civil Procedure, may be entered only when the moving party has been able to show that there is no genuine issue as to any material fact remaining to be tried. *Easter v. Hospital*, 303 N.C. 303, 278 S.E. 2d 253 (1981); *Vassey v. Burch*, 301 N.C. 68, 269 S.E. 2d 137 (1980); *Pitts v. Pizza, Inc.*, 296 N.C. 81, 249 S.E. 2d 375 (1978); *Savings & Loan Assoc. v. Trust Co.*, 282 N.C. 44, 191 S.E. 2d 683 (1972); *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). In its affidavit in support of its motion for summary judgment, defendant has admitted plaintiff's employment in a management position and admitted that it had in effect a termination allowance applicable to management employees. Defendant's assertion, however, that such a provision was subject to changes or cancellation simply does not address the factual issue of whether plaintiff became entitled to such an allowance during and by reason of her employment. Such an employment contract provision, recognizably cancellable at will by an employer, would nevertheless operate to protect employees within its coverage during their employment and during the effective operation of such a provision. *See e.g., Thomas v. College*, 248 N.C. 609, 104 S.E. 2d 175 (1958). *Compare Briggs v. Mills*, 251 N.C. 642, 111 S.E. 2d 841 (1960). Defendant, in support of its position, relies on the decisions of our Supreme Court in *Still v. Lance*, 279 N.C. 254, 182 S.E. 2d 403 (1971); *Tuttle v. Lumber Co.*, 263 N.C. 216, 139 S.E. 2d 249 (1964); and *Howell v. Credit Corp.*, 238 N.C. 442, 78 S.E. 2d 146 (1953); and the decision of this Court in *Williams v. Biscuitville, Inc.*, 40 N.C. App. 405, 253 S.E. 2d 18 (1979), *disc. rev. denied*, 297 N.C. 457, 256 S.E. 2d 810 (1979). Those cases dealt with each employee's right to continued employment and did not deal with the issue of benefits or compensation earned *during*

employment. Those cases are not apposite to the case now before us.

Summary judgment as to plaintiff's claim in Count One was erroneously entered and must be reversed.

[2] In her second count, plaintiff seeks compensation for overtime pay. In its affidavit, defendant asserted that management employees were not entitled to overtime pay. In her affidavit, defendant admits that she was not entitled to such pay. Her allegations that defendant violated its overtime policy by giving male employees compensatory time off for overtime does not in this case state a cause of action in plaintiff's favor. Summary judgment was properly entered as to Count Two.

[3] In her third count, plaintiff seeks to recover for mental anguish resulting from her wrongful discharge. Plaintiff has not alleged that her employment was for a fixed term. This is fatal to an action for wrongful discharge, it being settled law that employment for an indefinite term may be terminated at will by either the employer or the employee. *Nantz v. Employment Security Comm.*, 290 N.C. 473, 226 S.E. 2d 340 (1976); *Still v. Lance*, supra. Summary judgment was properly entered as to Count Three.

In her fourth count, plaintiff seeks to recover vacation pay. Liberally construed, count four sets out a claim for vacation pay earned during her employment. Defendant's affidavit does not address, much less rebut such a claim. For the reasons stated in our discussion of Count One, summary judgment was erroneously entered as to Count Four.

The result is:

As to the claims for relief set out in:

Count One, reversed.

Count Two, affirmed.

Count Three, affirmed.

Count Four, reversed.

Judges HILL and BECTON concur.