DAVID K. ROSBY, Plaintiff v. THE GENERAL BAPTIST STATE CONVEN-
TION OF NORTH CAROLINA INC. and DR. C. C. CRAIG, Defendants

No. 8810SC7

(Filed 2 August 1988)

1. **Master and Servant § 10— oral contract of employment—terminable at will**

　　Plaintiff's oral contract of employment contained no provision governing
the duration or termination of employment, and the employment relationship
was therefore terminable at will.

2. **Master and Servant § 8— employment contract—manual not part of contract**

　　Defendant's employment manual did not become a part of plaintiff's oral
contract of employment with defendant.

APPEAL by plaintiff from *Bowen, Wiley F., Judge.* Judgment
entered 1 September 1987 in Superior Court, WAKE County.
Heard in the Court of Appeals 5 May 1988.

　　*Irving Joyner for plaintiff-appellant.*

　　*James L. Lassiter; and Thigpen, Blue & Stephens, by Ralph
L. Stephens, for defendants-appellees.*

JOHNSON, Judge.

Plaintiff, David K. Rosby, instituted this civil action on 19
February 1986 to recover for breach of a contract of employment
against his former employer, the Baptist State Convention. In
count two of his complaint, plaintiff alleged that defendant num-
ber two, Dr. C. C. Craig, Executive Secretary/Treasurer of the
Baptist State Convention, intentionally induced the Convention to
breach its alleged contract of employment with plaintiff.

By way of answer, defendants denied the existence of a valid
contract of employment, but described their professional relation-
ship with plaintiff as an arrangement under which plaintiff would
remain employed as long as his work was satisfactory to the Sec-
retary/Treasurer of the Convention. Insofar as plaintiff's allega-
tion of tortious interference with contract, defendant, Dr. Craig,
answered that he had justification for his actions, and had
documented plaintiff's specific acts of misconduct which led to his
discharge. In addition, defendant, Dr. Craig, in his individual

answer to the complaint, asserted a counterclaim against plaintiff for defamation.

The pertinent facts of the case appear as follows: On 1 March 1984 plaintiff was hired as Secretary of the Layman's League by the defendant, Convention, and continued in this capacity until employment termination on 13 January 1986. The parties had not entered into a written contract of employment, nor did they specify a definite term during which plaintiff was to be employed. At the time when plaintiff was hired, members of the Personnel Committee of the defendant, Convention, informed him that his actions were to be guided by certain personnel policies which they presented to him. The named personnel policies were adopted by the General Board in January 1984, but were not adopted by the full Convention until May 1984, two months after plaintiff had been hired.

In December of 1984, plaintiff filed a written grievance with defendant, Dr. Craig, concerning work-related issues. The grievance procedure employed was in keeping with that set forth in the 1984 personnel policies manual. Pursuant to procedure, plaintiff's letter of grievance was referred to a special panel of members of the Layman's League who met and discussed the grievance.

On 13 January 1986, plaintiff was informed by letter from Dr. Craig that he was being relieved of all duties pending consideration of his employment situation by the Convention's Executive Committee. Plaintiff then requested a hearing to appeal this decision, and was notified by letter on 17 January 1986 that he was to attend a meeting of the Personnel Committee on 27 January 1986 in Winston-Salem, North Carolina. Plaintiff did not attend the meeting. Defendant, Dr. Craig, however, did attend, and reported his prior action in having relieved plaintiff of his duties. The Executive Committee, upon motion, ratified Dr. Craig's action and permanently relieved plaintiff of his employment duties.

At trial on the matter, the court determined that plaintiff commenced his employment without benefit of a specific term or duration of employment; that certain personnel policies were in effect at that time, but were not incorporated into any employment agreement; and that the actions of neither plaintiff nor defendant, Dr. Craig, had been committed with malice. The court

then ordered that plaintiff recover nothing of the defendants and that defendant, Dr. Craig, recover nothing of the plaintiff on the counterclaim. From this order plaintiff appeals.

By this appeal plaintiff requests that we consider (1) whether the trial court erred by ruling that the Convention's personnel policies were not incorporated into his alleged oral contract of employment; (2) whether the Convention breached its alleged contract of employment with plaintiff by refusing to grant his appeal as per the personnel policy directive; (3) whether defendant, Dr. Craig, caused the breach of the alleged employment contract by refusing to comply with the personnel policies; and (4) whether defendants presented any evidence to refute the material facts presented in plaintiff's behalf. Upon consideration of these questions we find that the trial court committed no error.

Two dispositive issues, simply stated, determine this case on review. They are: (a) whether the oral contract of employment which existed between plaintiff and defendant was for a specific duration; and (b) whether the defendant's personnel policies were incorporated into the alleged oral contract. We note here that although an answer in the negative to question (a) will make it unnecessary to consider question (b), we shall consider both issues.

[1] The response to question (a) is grounded in well-established precedent in our jurisdiction. The authoritative principle is that where a contract of employment, whether oral or written, contains no provision which governs the duration or termination of employment, the employment relationship is terminable at the will of either party. *King v. Seaboard Air Line Railway*, 140 N.C. 433, 53 S.E. 237 (1906); *Malever v. Kay Jewelry Co.*, 223 N.C. 148, 25 S.E. 2d 436 (1943); *Still v. Lance*, 279 N.C. 254, 182 S.E. 2d 403 (1971); *Harris v. Duke Power Co.*, 319 N.C. 627, 356 S.E. 2d 357 (1987).

Although well-settled, this rule has become subject to certain specific and strictly defined exceptions. They include protection for terminable-at-will employees who engage in protected activities such as: (a) seeking benefits by filing a workers' compensation claim provided for in G.S. 97-6.1; (b) instituting or causing to be instituted an Occupational Safety and Health Act proceeding, or (c) engaging in labor union functions. *Harris, supra*, at 629, 356 S.E. 2d at 359 (citations omitted). It is also possible to remove a

traditionally labeled at-will employee from the unprotected realm where the employee has furnished additional consideration in assuming the position. *Id., citing, Sides v. Duke Univ. Hospital,* 74 N.C. App. 331, 328 S.E. 2d 818, *disc. rev. denied,* 314 N.C. 331, 333 S.E. 2d 490 (1985).

In an action for breach of a contract of employment, it is essential that the existence of a contract for a specific duration be first established to allow inquiry on the other issues raised to proceed; such as in the case *sub judice,* whether the employer's policy provisions were incorporated into such an agreement. *See, Wilkinson v. Erwin Mills,* 250 N.C. 370, 108 S.E. 2d 673 (1959). In addition, the burden to establish the specific duration of an employment contract lies with the employee. *Freeman v. Hardee's Food Systems, Inc.,* 3 N.C. App. 435, 165 S.E. 2d 39 (1969).

Applying these principles to the employment situation at bar, we are convinced that the employee, David Rosby, has failed to carry his burden of establishing the existence of a contract of employment for a specific duration, and thus we affirm the judgment entered by the trial court. In his testimony at trial, plaintiff admitted that no specific term of employment was presented to him at the time of his hiring. He testified as follows:

Q: Do you have a contract showing the date that you started work and what salary and for what period of time that you were to be employed?

A: Do I have a contract showing that?

Q: Yes.

A: No I do not.

Although we are mindful of plaintiff's able argument that a valid contract may exist without the benefit of a writing, *Little v. Poole,* 11 N.C. App. 597, 182 S.E. 2d 206 (1971), the evidence presented at trial to establish the oral contract in question contained no allegation whatsoever that a provision addressing the element of duration had been included. In fact, plaintiff, throughout his argument, fails to address this vital requirement. Plaintiff also has failed to demonstrate that his situation falls within the protections of any of the recognized exceptions to the terminable-at-will rule. *Harris, supra. See also, Sides v. Duke, supra.*

[2]  In regard to dispositive question two, which comprises the bulk of plaintiff's argument, that the employment manual became a part of his oral contract, and the employer was thus held to its provisions concerning termination contained therein, we similarly find that plaintiff is entitled to no relief. It has been clearly decided in this jurisdiction that "unilaterally promulgated employment manuals or policies do not become part of the employment contract unless expressly included in it." *Walker v. Westinghouse Electric Corp.*, 77 N.C. App. 253, 259, 335 S.E. 2d 79, 83-84 (1985), *disc. rev. denied*, 315 N.C. 597, 341 S.E. 2d 39 (1986).

In support of his argument plaintiff contends that:

the General Baptist State Convention's personnel policies were presented to David Rosby by the Personnel Committee when he was hired. Members of the Personnel Committee told Rosby that the personnel policies were to be his "work bible," and it was the Committee's intent that Rosby's employment be governed by those policies. The personnel policies presented to Rosby contained a salary scale, the conditions of employment, the expected conduct of the employer and the employee, and the procedures to be followed to appeal disciplinary actions. The procedure for disciplinary actions directed against David Rosby were to be in compliance with the dictates of the 1984 personnel policies.

While we are sensitive to the "strong equitable and social policy reasons militating against allowing employers to promulgate for their employees potentially misleading personnel manuals while reserving the right to deviate from them at their own caprice" as enunciated in *Westinghouse, supra*, at 259, 335 S.E. 2d at 83 (1985), we find that in the case *sub judice*, the material contained within the manual was neither inflexible nor all-inclusive on the issue of termination procedures. The manual, although presented as plaintiff's "work bible" when he was hired, was not expressly included within his terminable-at-will contract.

We also note that although not to the letter, defendants attempted to follow policy mandates by allowing plaintiff an opportunity to be heard concerning his termination. Plaintiff, however, declined this invitation by failing to appear as scheduled.

Therefore, we hold that the contract was terminable at will, as it contained no specified term or duration; the contract could legally be terminated at any time by either party, a course which the defendant employer legally followed; and that the personnel policies did not become a part of plaintiff's contract.

Prior discussion upon the dispositive issues precludes any necessity for further consideration on the remaining questions plaintiff has raised. The judgment is therefore affirmed.

Affirmed.

Judges PHILLIPS and SMITH concur.