GENEVA N. RUCKER v. FIRST UNION NATIONAL BANK OF NORTH
CAROLINA, AND FIRST UNION CORPORATION

No. 8921SC352

(Filed 3 April 1990)

1. **Master and Servant § 10.2 (NCI3d)— discharge of employee —employment manual—not part of contract**

The trial court did not err by granting defendants' motion for dismissal of plaintiff's claim for wrongful discharge where plaintiff contended that defendants' issuance of two employee handbooks created a unilateral contract between the parties and removed plaintiff from the status of an at-will employee, but plaintiff did not receive the first of the manuals until she had worked for defendants for almost five and one-half years; plaintiff does not allege nor was there any evidence that the manuals were expressly included in any employment contract; and plaintiff did not allege that she had signed a statement that she had read the policy manual or had taken some other step which would evidence that the manuals were expressly included in her employment contract; and applying a unilateral contract analysis to the issue of wrongful discharge would in effect abandon the at-will doctrine.

Am Jur 2d, Master and Servant §§ 32, 48.3.

2. **Master and Servant § 10.2 (NCI3d)— wrongful discharge— misrepresentation of employment manual—not part of employment contract**

The trial court did not err by dismissing plaintiff's claim for punitive damages based on alleged misrepresentation of the terms of employment manuals where the manuals were not expressly included in plaintiff's employment contract and could not be considered part of plaintiff's employment contract.

Am Jur 2d, Master and Servant §§ 32, 48.3.

3. **Master and Servant § 10.2 (NCI3d)— wrongful discharge— vacation pay**

The trial court erred in dismissing plaintiff's claim for vacation pay following her dismissal where plaintiff stated a prima facie claim by alleging that she was not terminated for cause and that defendants' employment manual entitled

RUCKER v. FIRST UNION NAT. BANK

[98 N.C. App. 100 (1990)]

her to compensation for unused vacation time. Furthermore, this claim is not preempted by federal law. N.C.G.S. § 95-25.12.

**Am Jur 2d, Master and Servant § 80.**

4. **Master and Servant § 10.2 (NCI3d)— wrongful discharge— severance pay—claim preempted by ERISA**

A claim for severance pay was properly dismissed because the Fourth Circuit Court of Appeals has specifically held that N.C.G.S. § 95-25.7 is preempted by ERISA.

**Am Jur 2d, Master and Servant § 81.**

APPEAL by plaintiff from judgment entered 15 December 1988 by *Judge Thomas W. Ross* in FORSYTH County Superior Court. Heard in the Court of Appeals 17 October 1989.

Plaintiff, Geneva N. Rucker, was employed by defendants, First Union National Bank and First Union Corporation ("First Union") from 6 September 1978 until her termination on 12 June 1987. On 6 September 1988 she brought this action against her former employers for compensatory and punitive damages alleging (1) failure to pay vacation and severance pay; (2) breach of contract; (3) negligence and negligent misrepresentation; and (4) intentional and fraudulent misrepresentation. On 5 October defendants moved to dismiss all of plaintiff's claims pursuant to G.S. sec. 1A-1, Rule 12(b)(6). On 6 December plaintiff amended her complaint to include an alternative claim for vacation and severance pay pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. sec. 1001 *et seq.*

After a hearing the trial court granted defendant's motion to dismiss all of plaintiff's claims except her claim for vacation and severance pay pursuant to ERISA. The court certified the order as a final judgment from which appeal may be taken, there being no just reason for delay. Plaintiff appealed to this Court in apt time.

*Morgan & Morgan, by J. Griffin Morgan and J. Kevin Morton, and North Carolina Academy of Trial Lawyers, by J. Wilson Parker and Deborah Leonard Parker, for plaintiff-appellant.*

*Smith, Currie & Hancock, by J. Thomas Kilpatrick and R. Steve Ensor, and Petree Stockton and Robinson, by W. R. Loftis, Jr. and Penni P. Bradshaw, for defendant-appellees.*

JOHNSON, Judge.

Plaintiff's complaint alleges the following: During the years she worked for First Union, plaintiff received praise from her supervisors and was promoted to the position of teller supervisor. On 12 June 1987, she was told that she was being discharged for failing to check the night depository on 17 April 1987. Prior to the next business day following 17 April 1987, approximately $22,000 had been taken from the depository. All employees, including plaintiff, were cleared of any involvement in the theft. Plaintiff received no prior warning or disciplinary action before her termination. Also, she alleges she had never previously been told to check the night depository. Plaintiff contends that a memo circulated ten days after her dismissal made it clear that it had not been part of her duties.

Plaintiff alleges that she has been unable to find similar work since her discharge, and that the termination has caused her to lose substantial income and fringe benefits and suffer extreme mental distress.

[1] In this appeal plaintiff recognizes that North Carolina adheres to the doctrine that, in the absence of an employment contract for a definite time period, both employer and employee are generally free to terminate their association at any time and without any reason. *Still v. Lance*, 279 N.C. 254, 182 S.E.2d 403 (1971). She admits that she was not working under an employment contract for a definite period of time, but contends that defendants' issuance of two employee handbooks to plaintiff, one in January, 1984 and a second in March, 1987, created a unilateral contract between the parties and removed plaintiff from the status of an "at-will" employee.

It is well settled in North Carolina that "unilaterally promulgated employment manuals or policies do not become part of the employment contract unless expressly included in it." *Rosby v. General Baptist State Convention*, 91 N.C. App. 77, 81, 370 S.E.2d 605, 608, *disc. rev. denied*, 323 N.C. 626, 374 S.E.2d 590 (1988), *quoting Walker v. Westinghouse Electric Corp.*, 77 N.C. App. 253, 259, 335 S.E.2d 79, 83-84 (1985), *disc. rev. denied*, 315 N.C. 597, 341 S.E.2d 39 (1986). In the case *sub judice* plaintiff did not receive the first of her employment manuals until she had already worked for defendants for almost five and one-half years. Plaintiff does not allege nor is there evidence that the employment manuals were expressly included in any employment contract. Therefore,

RUCKER v. FIRST UNION NAT. BANK

[98 N.C. App. 100 (1990)]

the manuals may not be relied on by plaintiff as being part of, or creating, an employment contract. *Id.* This case is distinguishable on its facts from the situation in *Trought v. Richardson*, 78 N.C. App. 758, 338 S.E.2d 617, *disc. rev. denied*, 316 N.C. 557, 344 S.E.2d 18 (1986), in which this Court held that the discharged plaintiff-employee sufficiently alleged that a policy manual was part of her employment contract to withstand the employer's Rule 12(b)(6) motion. In *Trought* the plaintiff alleged that she was required to sign a statement that she had read the employer's policy manual when she was hired. In the instant case, plaintiff does not allege that she signed such a statement or took some other step which would be evidence that the manuals were expressly included in her employment contract. We therefore must conclude that the manuals were not part of plaintiff's contract and she may not legally rely upon them for relief.

Plaintiff argues essentially that we should not have to find that the manuals were expressly included in an employment contract because, she contends, her continued employment after distribution of the handbooks created a unilateral contract which bound defendants to the terms of the manuals. In support of this argument, she cites cases in which a unilateral contract analysis has been either implicitly or expressly recognized in North Carolina cases relating to various types of employment benefits. *Morton v. Thornton*, 257 N.C. 259, 125 S.E.2d 464 (1962) (unpaid wages); *Roberts v. Mays Mills*, 184 N.C. 406, 114 S.E.2d 530 (1922) (bonus); *Welsh v. Northern Telecom, Inc.*, 85 N.C. App. 281, 354 S.E.2d 746, *disc. rev. denied*, 320 N.C. 638, 360 S.E.2d 107 (1987) (vacation and retirement benefits); *Brooks v. Carolina Telephone*, 56 N.C. App. 801, 290 S.E.2d 370 (1982) (severance payments). We decline to apply a unilateral contract analysis to the issue of wrongful discharge. This Court has previously distinguished between issues of benefits or compensation earned during employment and the issue of an employee entitlement to continued employment. *Id.* The former addresses earned benefits, while the latter concerns a future benefit not yet earned. Further, to apply a unilateral contract analysis to the situation before us would, in effect, require us to abandon the "at-will" doctrine which is the law in this State. This we cannot do. We find no error in the trial court's granting defendants' motion for dismissal as it concerns plaintiff's claim for wrongful discharge.

**[2]** We turn now to plaintiff's appeal of the trial court's denial of her claims for relief based on negligence, negligent misrepresentation, intentional misrepresentation, and fraudulent misrepresentation. Each of these tort claims involves allegations that defendants misrepresented the terms of the employment manuals, and that defendants failed to follow the policies set forth in the manuals. We have concluded above that the employment manuals cannot be considered part of plaintiff's employment contract since they were not expressly included in it. *Walker v. Westinghouse, supra.* Therefore, plaintiff cannot establish a legal claim to having been mislead based on the manuals. *Id.* We find no error in the dismissal of plaintiff's tort claims. Because we find plaintiff has no cognizable tort claims, we must also conclude that the trial court was correct in dismissing her claim for punitive damages.

**[3]** Last, we address plaintiff's argument that the trial court erred in dismissing her claims for vacation pay and severance pay pursuant to G.S. sec. 95-25.1 *et seq.* Plaintiff alleges in her brief that she was not discharged for cause, and that at the time of her termination she had accumulated unused vacation time under First Union's vacation policy. Pursuant to defendants' manual, an employee not dismissed for cause is entitled to compensation for unused vacation time. Also, G.S. sec. 95-25.12, entitled "Vacation pay," provides that

> if an employer provides vacation for employees, the employer shall give all vacation time off or payment in lieu of time off in accordance with the company policy or practice. Employees shall be notified in accordance with G.S. 95-25.13 of any policy or practice which requires or results in loss or forfeiture of vacation time or pay. Employees not so notified are not subject to such loss of forfeiture.

Therefore, by alleging that she was not terminated for cause and the terms of the manual concerning vacation pay, plaintiff has stated a *prima facie* claim for vacation pay. Further, as defendants properly concede, this claim is not preempted by federal law, the United States Supreme Court having recently held that an employer's policy of paying discharged employees vacation pay for unused vacation time does not constitute an "employee welfare benefit plan" within the meaning of the Employment Retirement Income and Security Act of 1974 (ERISA), as amended, 29 U.S.C. sec. 1001 *et seq. Massachusetts v. Morash,* --- U.S. ---, 104 L.Ed.2d 98

(1989). We therefore reverse the trial court's dismissal of plaintiff's statutory claim for vacation pay.

[4] The Fourth Circuit Court of Appeals has specifically held that G.S. sec. 95-25.7, which concerns severance pay, is preempted by ERISA. *Holland v. Burlington Industries, Inc.,* 772 F.2d 1140 (4th Cir. 1985), *affirmed, Brooks v. Burlington Industries, Inc.,* 477 U.S. 901, 91 L.Ed.2d 559 (1986). Therefore, the trial court did not err in dismissing plaintiff's claim pursuant to G.S. sec. 95-25.7 for severance pay.

In sum, we affirm the trial court's dismissal of plaintiff's actions for breach of contract, negligence and negligent misrepresentation, intentional and fraudulent misrepresentation, and plaintiff's state statutory claim for severance pay. We reverse the trial court's dismissal of plaintiff's state claim for vacation pay. Plaintiff's alternative claims for vacation and severance pay pursuant to ERISA are unaffected by this opinion and remain viable causes of action.

Affirmed in part; reversed in part.

Judges WELLS and ORR concur.