TONY JENNINGS JOHNSON, Plaintiff-Appellant v. MAYO YARNS, INC., Defendant-Appellee

No. COA96-772

(Filed 20 May 1997)

**1. Labor and Employment § 70 (NCI4th)— refusal to remove Confederate decal—termination of employment—not wrongful discharge**

Plaintiff's dismissal from private employment for refusing to remove a Confederate flag decal from his toolbox used at work did not constitute wrongful discharge in violation of public policy based on his free speech rights because plaintiff's conduct car-

JOHNSON v. MAYO YARNS, INC.

[126 N.C. App. 292 (1997)]

ried out in private employment was not constitutionally protected speech and expression.

**Am Jur 2d, Employment Relationship §§ 30, 40-43, 45.**

**2. Labor and Employment § 54 (NCI4th)— implied contract— employee handbook—claim properly dismissed**

The trial court properly dismissed plaintiff employee's claim for breach of implied contract based on defendant employer's failure to follow the employee handbook in terminating him where plaintiff failed to allege how defendant's employee handbook was made part of his employment contract.

**Am Jur 2d, Employment Relationship §§ 10-30, 39.**

**Right to discharge allegedly "at-will" employee as affected by employer's promulgation of employment policies as to discharge. 33 ALR4th 120.**

Judge GREENE concurring.

Appeal by plaintiff from order entered 21 May 1996 by Judge William C. Gore, Jr. in Bladen County Superior Court. Heard in the Court of Appeals 26 February 1997.

*Barrington, Jones & Pikul, P.A., by Carl A. Barrington, Jr.; and Jack E. Carter; for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, PLLC, by Charles A. Edwards and Jeffrey M. Hahn, for defendant-appellee.*

WALKER, Judge.

On 1 February 1996, plaintiff filed suit seeking damages from his former employer for his alleged wrongful termination. He alleged five claims for relief against defendant who moved to dismiss the complaint pursuant to Rule 12(b)(6) of the N.C. Rules of Civil Procedure, on the grounds that it failed to state a claim upon which relief could be granted. The trial court granted the motion dismissing all claims.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sutton v. Duke*, 277 N.C. 94, 102, 176 S.E.2d 161, 165-66 (1970). Therefore, we must look to the allegations included in plaintiff's complaint to determine if dismissal was proper under Rule 12(b)(6).

JOHNSON v. MAYO YARNS, INC.

[126 N.C. App. 292 (1997)]

Plaintiff alleged the following facts in his complaint: Plaintiff began working in the Bladenboro yarn plant on 5 June 1988. On 1 May 1992, defendant acquired the plant and plaintiff continued to work there as a shift technician whose responsibility was to repair the textile spinning frames used in the plant. Plaintiff kept and maintained a toolbox, which he purchased at his own expense, for performing these repairs. On this toolbox, plaintiff had attached a 2 X 3 inch decal of a Confederate naval flag before defendant acquired the plant. During this time, plaintiff had never received a complaint about the decal nor had anyone ever asked him to remove it until 8 August 1994. On this date, plaintiff's supervisor, Curley Edwards, told him that Ed Harris, the plant manager, had told Edwards to ask plaintiff to remove the decal. Plaintiff did not work on Saturday 13 August 1994 and when he returned to work the following day, he found that the flag decal had been removed from the toolbox and put back upside down. Plaintiff returned the decal to its original position. The next day, plaintiff arrived at work to find the flag decal missing from his toolbox. He replaced it with a similar flag decal the next day. Later that week, plaintiff was told by Edwards, that he should meet with Harris. At the meeting, Harris told plaintiff to write out a statement explaining why he wanted the flag decal on his toolbox and why he refused to remove it. Plaintiff wrote a statement explaining that the flag was part of his Southern heritage and he displayed the flag decal to show his pride. After providing his explanation, plaintiff was again asked to remove the flag decal. Plaintiff again refused and was issued a warning for violation of defendant's harassment policy.[1] The following Monday plaintiff was again instructed to remove the flag decal and was told specifically that if he did not do so, he would be fired. Plaintiff refused and was subsequently terminated for being in violation of the harassment policy.

Plaintiff argues that the trial court erred by granting the defendant's motion to dismiss his complaint. In his brief, plaintiff only argues the sufficiency of the complaint as to his claims for wrongful discharge in violation of public policy and breach of implied contract. No arguments are brought forward regarding the three additional

---

1. The Harassment Policy provides: "It is the policy of Mayo Yarns, Inc., to promote an atmosphere that is free of harassment in any form in all levels of employment. The Company's goal is to provide a workplace free of tensions created by racial, ethnic, sexist, religious, age-based remarks or animosity, unwelcome sexual advances, requests for sexual favors, or other conduct of a sexual nature. Such actions or conduct are viewed as creating an intimidating, harmful, and offensive environment and will not be tolerated."

claims for relief. Therefore, we do not consider the assignment of error relating to these three claims.

[1] Plaintiff first contends his complaint is sufficient to state a claim for wrongful discharge in violation of public policy. Plaintiff asserts that his rights to "freedom of speech and to freedom of expression...protected by the First Amendment of the United States Constitution, as well as the Constitution and laws of the State of North Carolina...ris[es] to the level of public policy within the workplace" and that "[d]efendant's acts...offend the public policy of the State of North Carolina. . . ."

Plaintiff cites *Sides v. Duke University*, 74 N.C. App. 331, 328 S.E.2d 818, *disc. review denied*, 314 N.C. 331, 333 S.E.2d 490 (1985); *Coman v. Thomas Manufacturing Co.*, 325 N.C. 172, 381 S.E.2d 445 (1989); and *Amos v. Oakdale Knitting Co.*, 331 N.C. 348, 416 S.E.2d 166 (1992), in support of what he contends is a growing prohibition against discharging employees for engaging in conduct that is protected by "public policy."

In each of the above cases, our State has recognized an exception to the employment-at-will doctrine by identifying a cause of action for wrongful discharge in violation of public policy. In *Sides*, the plaintiff was terminated in retaliation for her refusal to testify falsely or incompletely in a medical malpractice case. This Court in reversing the lower court's dismissal of the plaintiff's claim, stated ". . . while there may be a right to terminate a contract at will for no reason, or for an arbitrary or irrational reason, there can be no right to terminate such a contract for an unlawful reason or purpose that contravenes public policy." *Sides*, 74 N.C. App. 342, 328 S.E.2d 826.

In *Coman*, our Supreme Court adopted the public policy exception to employment-at-will when it reversed the Court of Appeals' decision affirming the trial court's dismissal of the plaintiff's claim for wrongful discharge in violation of public policy. In that case, the plaintiff was terminated for his refusal to violate U.S. Department of Transportation regulations by operating his vehicle excessive hours and by falsifying records. The Court found that it was the public policy of this State to protect the safety of persons or property on public highways due to the fact that "[o]ur legislature has enacted numerous statutes regulating almost every aspect of transportation and travel on the highways in an effort to promote safety." *Coman*, 365 N.C. 176, 381 S.E.2d 447.

JOHNSON v. MAYO YARNS, INC.

[126 N.C. App. 292 (1997)]

Our Supreme Court again examined the contours of the public policy exception in *Amos*. There, the Court held that the dismissal of the plaintiff's claim for wrongful discharge in violation of public policy was error where the plaintiff alleged she was terminated for her refusal to work for less than the statutory minimum wage. Moreover, the Court stated that "at the very least public policy is violated when an employee is fired in contravention of express policy declarations contained in the North Carolina General Statutes." *Amos*, 331 N.C. 353, 416 S.E.2d 169.

From these decisions, a definition of "public policy" has evolved which connotes the principle of law that holds no citizen can lawfully do that which has a tendency to be injurious to the public or against the public good. Therefore, we must determine whether the constitutional protections of free speech and expression, in a workplace setting, would constitute a "public policy" so as to prevent defendant from discharging the plaintiff.

Defendant contends that the right of free speech and expression does not extend to the workplace where a private employer must have flexibility in adopting and enforcing its employment policies and practices. As such, plaintiff has no support for extending the public policy exception to prohibit his discharge.

Plaintiff also relies on *Lenzer v. Flaherty*, 106 N.C. App. 496, 418 S.E.2d 276, *disc. review denied*, 332 N.C. 345, 421 S.E.2d 348 (1992) to support his contention that our State Constitution can serve as the source of public policy in his wrongful discharge claim. In *Lenzer*, the wrongful discharge in violation of public policy claim was brought by a state employee against state officials alleging she was terminated for exercising her free speech rights in reporting possible patient abuse. *Id.* at 500, 418 S.E.2d at 279. We find the facts in *Lenzer* to be distinguishable from the facts in the case at hand.

In *Lenzer*, this Court stated:

As to plaintiff's claim for wrongful discharge, the facts of this case fit within the public policy exception to the employment-at-will doctrine as that exception has recently been delineated by our Supreme Court. In *Amos*...the Court declared that "at the very least public policy is violated when an employee is fired in contravention of express policy declarations contained in the North Carolina General Statutes." That observation, in our view, applies with equal force to rights guaranteed by the State Constitution such as Plaintiff's free speech claim.

*Id.* at 514-15, 418 S.E.2d at 287. In reversing summary judgment for the defendants, our Court concluded that "public speech about suspected patient abuse in State facilities merits legal protection." *Id.* at 508, 418 S.E.2d at 284.

We conclude that the plaintiff's conduct carried out in private employment is not constitutionally protected activity. Therefore, plaintiff has failed to allege facts sufficient to support a claim of wrongful discharge based on his activity being protected speech and expression by our Constitution. The trial court did not err in granting defendant's motion to dismiss the claim of wrongful discharge in violation of public policy.

[2] Plaintiff next assigns as error the trial court's dismissal of his claim for breach of implied contract. He asserts in his complaint that "the statements and promises made by the defendant . . . to its employees, as contained in the Employee handbook, create an implied contract as between the parties, and that the failure of the defendant to honor these promises in terminating this plaintiff gives rise . . . to a cause of action for . . . breach of implied contract."

This Court has previously rejected claims that an employee termination violated a contract allegedly embodied in an employment handbook, holding that such policy documents do not constitute a contract unless expressly made part of the employment contract. *See Salt v. Applied Analytical, Inc.,* 104 N.C. App. 652, 412 S.E.2d 97 (1991), *disc. review denied,* 331 N.C. 119, 415 S.E.2d 200 (1992); *Rucker v. First Union Nat. Bank,* 98 N.C. App. 100, 389 S.E.2d 622, *disc. review denied,* 326 N.C. 801, 393 S.E.2d 899 (1990); *Rosby v. General Baptist State Convention,* 91 N.C. App. 77, 370 S.E.2d 605, *disc. review denied,* 323 N.C. 626, 374 S.E.2d 590 (1988). In this case, plaintiff has failed to allege how defendant's employee handbook was made part of his employment contract with defendant. Thus, the trial court correctly dismissed plaintiff's claim for breach of implied contract.

Affirmed.

Judge GREENE concurs with separate opinion.

Judge McGEE concurs.

Judge GREENE concurring.

The discharge of an at-will employee is wrongful if the reason for the termination contravenes public policy. *E.g. Coman v. Thomas Mfg. Co.*, 325 N.C. 172, 175, 381 S.E.2d 445, 447 (1989). The plaintiff argues that his discharge was based on his refusal to remove a Confederate naval flag decal from his toolbox he used at work and that because the display of the decal was an exercise of his First Amendment rights, his discharge is wrongful because any action by his employer limiting his First Amendment rights contravenes public policy. There is no question that if the display of the decal at the plaintiff's place of employment was an exercise of his First Amendment rights, any discharge based on the display of that decal would be violative of the public policy of this State and support an action for wrongful discharge. *See Lenzer v. Flaherty*, 106 N.C. App. 496, 515, 418 S.E.2d 276, 287 (1992). In this case, however, the plaintiff's First Amendment rights are not implicated because the United States Constitution (Constitution) does not secure rights to individuals against other individuals. *Pub. Util. Comm'n v. Pollak*, 343 U.S. 451, 461, 96 L. Ed. 1068, 1077 (1952). It is only the officials of the State "that are obligated to conduct themselves in accordance with the Constitution." Thus because there is no evidence in this record that the employer was acting for or on behalf of the State, the First Amendment rights of the plaintiff were not implicated when he was discharged for displaying the decal. It follows that there has been no violation of the public policy of this State and the trial court correctly dismissed the wrongful discharge claim.